CHRISTIAN WIELAND and others *vs.* DANIEL G. SHILLOCK,
impleaded, etc.

, November 25, 1876.

**Relief by Motion against Judgment taken against Defendant through Surprise or
Excusable Neglect.**—In an action brought by him in the district court for
Hennepin county, S., on April 28, 1869, recovered a money judgment against
W., by default. W. brings the present action in the district court for St.
Louis county, for the purpose of enjoining the collection of the judgment,
upon the ground that it was procured by certain alleged fraudulent practices,
and false testimony of S. before the referee by whom the damages were
assessed in the action wherein the judgment was recovered. The complaint
shows that W. did not appear in the action mentioned, and was not present,
in person or by counsel, before the referee, and, further, that he had no
notice whatever of any judgment recovered by S. against him, until October
28, 1874. *Held,* 1. That, upon the facts thus charged, the judgment may
properly be said to have been taken against W. through his surprise or
excusable neglect.

**Where such Relief can be had on Motion, an Action will not Lie to Vacate the
Judgment.**—2. That, if entitled to relief from the judgment, W. had a com-
plete and adequate remedy at law, by an application to the district court for
Hennepin county, under Gen. St. *c.* 66, ? 105, and that, therefore, the present
action cannot be maintained.

**Within what Time a Party can have Relief by Motion against a Judgment.**—3.
That the year within which a party may have relief from a judgment, under
the section mentioned, commences to run from the time when he has actual
notice of the judgment.

Appeal by plaintiffs from an order of the district court
for St. Louis county, *Stearns,* J., presiding, sustaining the
defendant Shillock's demurrer to the complaint. The
demurrer was for want of jurisdiction of the court over the
subject of the action, and for failure of the complaint to
state a cause of action, and was sustained on the former
ground.

*H. N. Setzer,* for appellants.

*D. G. Shillock,* for respondent.

BERRY, J. On April 28, 1869, the present defendant,
Shillock, recovered a money judgment, by default, in an
action brought by him against the present plaintiffs, in the

district court for Hennepin county. The present action is brought in the district court for St. Louis county, for the purpose of enjoining the collection of the judgment, upon the ground that it was procured by certain alleged fraudulent practices, and false testimony of the defendant Shillock before the referee by whom the damages were assessed in the action wherein the judgment was recovered. The complaint shows that the plaintiffs did not appear in the action mentioned, and were not present, in person or by counsel, before the referee, and, further, that they " had no notice whatever of any judgment recovered by said Shillock until October 28, 1874,    *    *    *    and until that time all these plaintiffs were entirely ignorant that any judgment had been rendered against them, or either of them." If the facts are as thus charged, the judgment may properly be said to have been taken against the defendants therein (the present plaintiffs) through their surprise or their excusable neglect.

It is provided in Gen. St. c. 66, § 105, that the court may, in its discretion, at any time within one year after notice thereof, relieve a party from a judgment taken against him through his surprise or excusable neglect. The meaning of this is that the court in which the judgment is rendered may afford the relief mentioned, within one year after the party seeking the relief has actual notice of the judgment. To hold, as suggested by plaintiffs' counsel, that the personal service of the summons in the action is notice of the judgment would render the language of the statute meaningless.

This case is, then, one in which, upon the allegations of their complaint, the plaintiffs, if they were entitled to any relief, had a complete and adequate remedy at law, by an application to the district court for Hennepin county for relief from the judgment. The case falls within the principle of *Johnston* v. *Paul*, (*ante* p. 46,) in which it is said by the court that " upon no principle of equity jurisprudence can a separate action be maintained to set aside a judgment of a

court of competent jurisdiction because it has been procured by means of false testimony, in a case where the court rendering it has full power to afford adequate relief upon an application in the same suit or proceeding; and we know no authority giving countenance to any such doctrine.''

The demurrer of the defendant, Shillock, to the plaintiffs' complaint specified several grounds, and among them that the district court for St. Louis county had no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was incorrectly sustained upon the first ground mentioned; it should have been sustained upon the second. But the mistake is of no practical importance, since it only presents a case of a wrong reason for a right conclusion.

Order affirmed.