MARZEL ALTMANN *vs.* JOHN GABRIEL.

July 15, 1881.

**Opening Judgment by Default—Laches.**—Where a defendant, against whom a judgment had been recovered, he having made default in the action, delayed for more than eleven months, after knowledge of the hearing of the case by the court, to seek relief from his default, such delay being not sufficiently excused, the default should not be set aside, and a defence allowed. To do so is not within the limits of judicial discretion.

Appeal by plaintiff from an order of the district court for Brown county, *Cox,* J., presiding, setting aside a judgment by default, and giving leave to answer.

*John Lind,* for appellant.

*C. R. Davis* and *Francis Baasen,* for respondent.

DICKINSON, J.   This is an action for slander, commenced in the county of Brown, in July, 1879, by the personal service of the summons and complaint upon the defendant.   The defendant did not interpose any answer or appearance in the action; and in November, 1879, the cause, upon the default of the defendant, was heard before the court, and a judgment ordered against the defendant for the sum of $500, which was entered on the sixth day of December, 1879. More than eleven months after the entry of this judgment, the defendant moved the court, upon affidavits, to set aside his default and open the judgment, with leave to interpose an answer.   After hearing the motion, which was opposed by counter-affidavits on the part

of the plaintiff, the court made an order, upon terms, setting aside the default and allowing the defendant to answer. From this order this appeal is taken by the plaintiff.

The affidavits upon which defendant's application was made, set forth that he was very poor, and unable to employ counsel; that he was a foreigner by birth, and unacquainted with the usual proceedings of courts, but supposed he could appear on the trial of the cause, and defend without the aid of an attorney; that both plaintiff and defendant were residents of the county of Nicollet when the action was commenced, and that he believed that the district court for Brown county had no jurisdiction in the action; that, on the day of the trial of the action, he did consult an attorney, residing in Brown county, by whom he was then informed that, not having answered, he could not appear on the trial, and that if, upon application, the court should set aside his default, it might be only upon terms of payment of costs. The affidavits further state that, the defendant being without money or friends, he delayed the application for relief until he should have earned money to pay the necessary costs. The counter-affidavits on the part of the plaintiff dispute the allegations of poverty, and tend to show that only his disregard and indifference in respect to the action induced his default, and that he intended to shield his property from execution in case judgment should be recovered against him.

The question for determination is whether the court, in making this order, clearly exceeded the limits of judicial discretion. That the court doubted the propriety of granting the motion is apparent from this language in the order appealed from: "The laches of the defendant, in not making the application sooner, are scarcely excused by his affidavit of poverty, and the counter-showing gives strong probability to the fact that he did not care. However, I will stretch the discretionary power of the court, that even in this case justice may be done." Even though the case was one of excusable neglect as to the original default, yet, put in the light most favorable to the defendant and upon his own showing, his delay for more than eleven months after the entry of the judgment, in seeking relief from his default, is not excused. He consulted an attorney on the day the

cause was tried, and, as the counter-affidavits show, was present in court on the day of hearing, with his said attorney.  On that day he learned, as his own affidavit shows, that his remedy for his default was to make application to the court.  The only excuse presented for his delay in so doing is that he had not money to pay the costs, which, as he was informed, might be imposed as a condition of his obtaining relief.  The statute under which the court is empowered to grant the relief sought, (Gen. St. 1878, c. 66, § 125,) limits the time within which it may be done, but does not dispense with the requirement that the applicant shall proceed with diligence.  *Gerish* v. *Johnson*, 5 Minn. 10 (23;)  *Groh* v. *Bassett*, 7 Minn. 254 (325.)

If the defendant had forthwith sought relief from his default after he became aware of the necessity for so doing, it must be assumed that the court would have granted such reasonable indulgence or delay in respect to the payment of costs, if such terms had been imposed, as was suited to the necessitous condition of the applicant.  Instead, however, of promptly making his application, and seeking, upon a showing of his poverty, an allowance of sufficient time to pay the costs, if costs had been imposed, he first took such time as he deemed necessary or expedient, and then asked to have his default set aside, and the judgment opened.  The delay of almost a year, during which, as our General Statutes indicate, one term of the court must have been held, unexcused, except by the fact that, when he first became aware of the nature and consequences of his default, he had not money to pay costs which might not have been imposed at all, is unreasonable. It does not even appear that, within two, three, or six months, this disability had not been overcome.  Without any statement of facts in that regard, the defendant leaves it only to be inferred that his purpose to earn money to pay costs, not yet adjudged, was not accomplished until more than eleven months after the hearing of the cause and the entry of judgment.

We must conclude that, for the reasons here indicated, the setting aside of the default, and allowing the judgment to be opened and a defence to be interposed, exceeded the limits of judicial discretion. It is better that the law be preserved and administered in its integrity, although, by reason of some culpable neglect of an individual,

serious injury may be suffered by himself in a particular case, rather than to assume, at the expense of distorting and unsettling the law, and impairing its force, to avert such consequences in the individual case as have occurred, not by reason of any defect in the law, but by disregard of it.

Order reversed.