SAMUEL D. LORD *vs.* HARRIET T. HAWKINS, impleaded, etc.

July 3, 1888.

Judgment by Default on Service by Publication—Application for Relief, when to be made.—A defendant upon whom the summons was served by publication, and not personally, and against whom judgment by default is entered, may apply to be relieved from it, and for leave to answer, under Gen. St. 1878, *c.* 66, § 125, within one year after notice of the entry of judgment.

Adverse Claims—Vacation of Judgment—Effect on Purchaser.—A *bona fide* purchaser from the successful party in a judgment, in an action under the statute to determine adverse claims to real estate, takes his title subject to be defeated by the subsequent reversal or vacation of the judgment. He does not stand in the position of a purchaser at a judicial sale. (The case arose prior to Laws 1887, *c.* 61.)

Appeal from an order of the district court for Ramsey county, *Kelly,* J., presiding, setting aside a judgment as to the applicant Harriet T. Hawkins, and giving her leave to defend the action. Her application was opposed, and this appeal is taken, by Wm. F. Seiter and W. O. Musser, who, on February 5, 1887, more than one year after entry of the judgment, purchased from the plaintiff a portion of the lands in controversy in the action.

*Warner & Lawrence,* for appellants.

*S. & O. Kipp,* for respondent.

GILFILLAN, C. J.  This was an action under the statute to determine adverse claims to certain real estate, brought against the defendant C. M. Hawkins, and "also all other persons or parties unknown, claiming any right, title, estate, lien, or interest in the real estate described in the complaint." The summons was served by publication, with the notice of *lis pendens.* There being no appearance by any defendant, judgment for the plaintiff was entered October 4, 1883. June 3, 1887, Harriet T. Hawkins, upon an affidavit stating that since 1878 she has ever been the owner in fee-simple of the real estate described in the complaint; that prior to March, 1887, she had no notice or knowledge of the judgment, nor of the commencement or pendency of the action; and upon an answer prepared, alleging her said title and denying title in plaintiff,—made application that the judgment might be set aside, and she have leave to file and serve her said answer. The order to show cause issued on the affidavit, was served on the appellants Seiter and Musser, (among others,) claiming title to the real estate by conveyance from the plaintiff since the entry of the judgment. The appellants opposed the application to show cause, presenting an' affidavit, which, among other things, set forth that they purchased the property, February 2, 1887, in good faith, for a consideration paid in cash, and without any knowledge or notice of any right, title, or interest in, to, or upon the real estate on the part of the party making the application. The court below granted the application, and from the order granting it they appeal.

The delay of respondent from March 1st, when she first heard of the action and judgment, to June 3d, (she being a resident of Massachusetts,) cannot be regarded as laches so as to bar her right to relief; especially as no rights are claimed to have accrued between those dates.

.Two questions are presented by the appeal: *First.* Is the right to make such an application, where the summons was served by publication, limited to one year from the *rendition* of the judgment, under Gen. St. 1878, *c.* 66, § 66, or may it be made at any time within one year after *notice* thereof, under section 125, chapter 66? The latter section provides that the court may, "in its discretion, at any time

within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, suspense, or excusable neglect." The language of this section includes all cases, no matter how the summons was served. Sections 64 and 65 relate to service of the summons by publication. Section 66 provides: "If the summons is not personally served on the defendant, in the cases provided in the last two sections, he or his representatives, on application and sufficient cause shown at any time before judgment, shall be allowed to defend the action, and, except in an action for divorce, the defendant or his representatives may in like manner be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just," etc. A case like this comes within the provisions of section 125, unless the intent to exclude such cases is manifested by section 66. Such might be the construction of that section, were it not that, by giving it that construction, a defendant who had no personal notice of the action against him, and who therefore could not be charged with negligence for judgment being entered against him, would be put in much worse case than one against whom, after personal service of the summons on him, judgment is entered upon his failure to answer, and who is therefore to some extent in fault. Upon that construction, if a defendant, against whom judgment is entered without personal service of the summons, does not learn of its entry till more than a year after it, his right to apply for relief is really gone before he has an opportunity to make his application; while, in case of one personally served with summons, the time limiting his right to apply for relief begins to run only from notice of the entry of judgment. It is impossible to believe that discrimination against the defendant least likely to be in fault was intended. On the contrary, it is most reasonable to suppose the legislature intended to give one not personally served more opportunity to obtain relief and make a defence than one personally served.

In the cases of *Washburn* v. *Sharpe*, 15 Minn. 43, (63;) *Frankoviz* v. *Smith*, 35 Minn. 278, (28 N. W. Rep. 508,)—it was assumed —though in neither case was it necessary to decide—that in both sections 66 and 125 the application is addressed to the discretion of

the court. Upon a more careful examination and comparison of the two sections, we are satisfied that herein lies the chief difference between them. The latter section provides that the court "may, in *its discretion*," grant the relief; the other, that the defendant, on application and *good cause* shown, before judgment, *shall* be allowed to defend, and *may* in like manner be allowed to defend after judgment. The section does not—certainly not in terms—leave it to the discretion of the court. A good defence to the action must certainly be considered "good cause shown." The construction we place on section 66 is that it provides to the defendant who comes within its terms, and who shows that he has a good defence, and who has not lost his right by laches, an opportunity to defend as a matter of right, and not of discretion. But the year from the rendition of the judgment is the limit of the opportunity. If he applies after that time, his case comes under section 125. In this case, the application having been made after a year from the rendition, but within a year from notice of the judgment, it came within the provisions of that section.

The *second* question in the case is, does a purchaser in good faith, from the successful party in a judgment determining the title to real estate, come within the rule which protects a *bona fide* purchaser under a judicial sale—that is, a sale made pursuant to a judgment or to enforce a judgment—from the effect of a subsequent reversal or vacation of the judgment? The reason for the rule is obvious, and suggests the answer to the question. It is founded upon considerations of public policy which require that property shall not be sacrificed at sales that the law makes; that at such sales purchasers shall be encouraged to bid a fair price. And this cannot be effected if the title they acquire is subject to be defeated in consequence of errors or irregularities in the judgment under or pursuant to which the sale is made. This is no such case. Here was no sale, nor anything equivalent to a sale. The judgment did not assume to pass any title. It passed on only the previously-existing title, like an action in trespass or ejectment. The appellant purchased from the party, and took only the title that he had.

Order affirmed.