MARIE M. BOEING *vs.* JOHN McKINLEY and others.

October 20, 1890.

**Action against Unknown Heirs—Service by Publication—Relief from Judgment by Default.**—Defendants in an action relating to real property, proceeded against as "the unknown heirs" of a deceased person, as authorized by Gen. St. 1878, *c.* 75, § 5, upon whom the summons was served by publication only, and against whom judgment by default has been entered, may apply to be relieved from it and for leave to answer and defend under Gen. St. 1878, *c.* 66, § 125, within one year after *notice* of the entry of judgment.

**Same—Application by Grantee of Such Heirs.**—A person to whom said heirs have transferred and conveyed their interest in said real property, after the entry of judgment, is a proper party to make such application, and, upon its being granted, can be duly substituted as a defendant in place of "the unknown heirs."

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, vacating a judgment by default against "the unknown heirs of Isaac B. West, deceased," and substituting James S. Hosmer as defendant in place of such heirs.

*Draper & Davis*, for appellant.

*O. L. Young*, for respondent.

COLLINS, J. This action was originally brought by one Derby, as plaintiff, to determine adverse claims to vacant and unoccupied real estate. Among other defendants named in the summons and subsequent proceedings were "the unknown heirs" of one West, deceased. These heirs were not served personally, but by publication of the summons, to which was attached and published the notice of *lis pendens*. No appearance having been made by either of the defendants, the court heard the proofs, made its findings, and, upon its order, judgment was entered October 4, 1887, as demanded in the complaint. On April 29, 1890, the respondent Hosmer, upon his own affidavit, those of Emma C. and Charles C. West, and a meritorious answer, obtained from the court an order to show cause why the judgment should not be set aside, and leave granted him to answer and defend in the action. From the affidavits it appeared that said Emma C. and Charles C. West were and are the sole heirs-at-law of the deceased West, and the persons designated in this proceeding as his unknown heirs; that, at the time of the commencement of the same, they were and ever since have been residents of the state of New York; that neither were served, personally or by mail, with the summons, had no knowledge of it, or of the pendency of the action, or of the rendition of the judgment, until the 18th day of December, 1889. And, further, that, on the 18th day of November, 1889, said heirs-at-law duly sold and conveyed the premises in dispute to said Hosmer, who purchased the same for a valuable consideration, and without notice. No question is raised as to the sufficiency of the affidavits and the completeness of the answer. After the entry of the judgment and prior to the issuance of the order to show cause, the real property involved had been transferred by sundry mesne conveyances from Derby to one William Boeing. He had died, the present plaintiff becoming his sole heir-at-law. These facts appearing, the court directed service of the order to show cause to be made upon her, which was done. At the hearing, June 25th, the court vacated and set aside the judgment, substituted Hosmer as defendant, in place of the unknown heirs of the deceased West, and granted his application for leave to answer and defend in the action. Thereupon,

by stipulation, the appellant, as the heir-at-law of William Boeing, was substituted as plaintiff in the case in lieu of Derby. Her appeal is from the order of June 25th.

Proceedings in actions relating to real property against certain defendants, designated as "unknown heirs," are authorized by Gen. St. 1878, *c.* 75, § 5. By section 8 of the same chapter the persons so proceeded against "may, on application to the court and on sufficient cause shown, be allowed to defend such action at any time within one year after the rendition of judgment," with a further provision, applicable only to such persons as may be minors when judgment is rendered. The phraseology of this section is almost exactly that of Gen. St. 1878, *c.* 66, § 66, and it must be construed the same. A defendant who has applied within one year after the rendition of the judgment, must be permitted to defend as a matter of right and not of discretion, providing he has brought himself within the terms of the statute with a good defence, and has not lost his right through laches. This is the construction placed on section 66, in *Lord* v. *Hawkins,* 39 Minn. 73, (38 N. W. Rep. 689,) and in this respect the cases are undistinguishable. Section 125 of said chapter 66 was also construed in the case just mentioned, and there is no room for distinguishing between that and this, as to defendant's right to apply, and the power of the court in a proper case to grant an application, for leave to answer and defend within one year after *notice* of rendition of the judgment. An intent to exclude parties who have been proceeded against as "unknown heirs" from availing themselves of the provisions of section 125 is nowhere discoverable in those sections of chapter 75, *supra,* which authorize and regulate this method of procedure in actions relating to real estate; nor can such intent be found elsewhere in the statutes. Hence all of the reasoning of the court with reference to the scope and purpose of section 125 is forceful and pertinent here.

As there is no suggestion upon this appeal that the court below did not exercise a wise discretion when opening and vacating the judgment, and the conclusion reached in *Lord* v. *Hawkins* is in point on this branch of this case, there is no merit in appellant's first and second assignments of error. This is also true with reference to the

remaining assignments. Hosmer, to whom the heirs of Isaac B. West transferred their title and interest after the entry of judgment, was a proper party to move for leave to answer, and was duly made a defendant under the express provisions of section 41, chapter 66, *supra*. The appellant's right to be substituted as plaintiff, in place of her deceased husband, and as his sole heir-at-law, was derived from this same section, and was not different or greater than was Hosmer's right to be named as defendant, in place of the unknown heirs of the deceased West.

Order affirmed.