HENRY C. WAITE *vs.* CORINNE DI VIVALDI COARACY.

December 30, 1890.

Action to Quiet Title—Service by Publication — Opening Judgment by Default.—In an action to quiet the title to real estate, the summons having been served by publication, and judgment having been rendered after default on the part of the defendants, the court may, in its discretion, set aside the judgment and allow a defence to be made, although more than one year may have elapsed since the rendition of the judgment. *Lord* v. *Hawkins*, 39 Minn. 73, followed.

Same—Application by Heir of Deceased Defendant.—A defendant having died, one who has succeeded to the estate of the deceased since the rendition of the judgment may be thus let in to defend.

Same—Presumption of Death.—Although death is to be presumed after the lapse of seven years, during which time a person has not been seen or heard of by those who would have naturally had information if he had been alive, yet circumstances may justify the conclusion that death occurred prior to the expiration of that period.

Appeal from an order of the district court for Sherburne county, *Baxter*, J., presiding, refusing to set aside a judgment on default and allow an answer to be served.

*L. R. Swift* and *Taylor, Calhoun & Rhodes*, for appellant.

*Reynolds & Stewart*, for respondent.

DICKINSON, J. In May, 1887, this action was commenced against Francis di Vivaldi, and all persons unknown claiming any rights or estate in certain land, to determine all adverse claims to the same. The defendant specifically named, to whom the land had been patented in 1856, being a non-resident, the summons was served by publication. No defence was interposed, and judgment was rendered in favor of the plaintiff in July, 1887. In August, 1889, Corinne di Vivaldi Coaracy, a resident of the city of Rio de Janeiro, Brazil, claiming title to the land by descent from Francis di Vivaldi, applied to have the judgment opened, and for leave to defend. This application was denied solely on the ground that the court had no

power to grant it, the merits of the application not being considered. This is an appeal from that order.

The application was supported by affidavit setting forth the following facts: In May, 1882, and for many years prior thereto, Francis di Vivaldi resided with his family, consisting of his wife and this appellant, his only child, in Rio de Janeiro, Brazil. At that time he left his home for the purpose of going to the southern frontier of Brazil, but never reached his destination. After his departure he was never seen nor heard from by any of his family, relatives, or friends, although every possible means were employed to secure information concerning him. If dead, (and death is to be presumed under the circumstances stated, after the lapse of seven years,) he died intestate, and this appellant is his sole heir-at-law, her mother having died intestate in 1885. The appellant had no notice or knowledge of the action, or of the judgment therein, prior to November 28, 1889. The plaintiff's claim of title rests upon the alleged fact that Francis di Vivaldi made a conveyance of the land by deed (never recorded and now lost) some time prior to 1868. The proposed answer of the appellant puts this in issue. The court seems to have considered that he had no right to exercise his discretion in the matter for the reasons—*First*, that the applicant was not a party to the action, and until May, 1889, (the expiration of the period of seven years from the time of the disappearance of her father,) she had no legal interest in the subject of the action; and, *second*, that such an application, made more than one year after the rendition of the judgment, cannot be granted. We are of the opinion that neither of these reasons justified the refusal of the court to consider the merits of the application, and that the court should have exercised its judgment and discretion in the matter.

It is not to be assumed, as a legal presumption, that the death of Vivaldi did not occur until the end of seven years from the time he was last seen or heard of. The lapse of seven years, under circumstances such as here presented, justifies the presumption of death; but it may be determined, as a presumption of fact, that he died in the course of his journey to the southern frontier of the empire of

Brazil, in May, 1882, he having never reached his destination, and having never been seen or heard from after that. *State* v. *Plym*, 43 Minn. 385, (45 N. W. Rep. 848.)   It should not, therefore, have been assumed as a matter of law that the appellant had no interest in this land at the time of the rendition of the judgment.   But even if the appellant's father did not die, and his alleged title descend to her, until *after* the rendition of the judgment, it would not necessarily follow that she might not be relieved from the judgment, and be allowed to defend. *Boeing* v. *McKinley*, 44 Minn. 392, (46 N. W. Rep. 766.)   If, at the time of his death, Francis di Vivaldi might have been relieved from the judgment, and allowed to defend, she, upon inheriting his estate, may also be allowed to do so.   Under the circumstances to which we have referred, the court might, and perhaps ought to, presume that no notice of the rendition of the judgment had come to Vivaldi.

It is said that she is not a party to the action.   Her application for leave to answer and defend therein involves the application to be made a party; and her claim of having succeeded to the estate of a deceased defendant affords reason in support of her application. Gen. St. 1878, *c.* 66, § 41.   Although this application was not made until more than one year had passed after the rendition of the judgment, it was still in the power of the court, in its discretion, within one year after notice of the judgment, to relieve the applicant from the judgment, and to allow the proposed defence to be made. *Lord* v. *Hawkins*, 39 Minn. 73, (38 N. W. Rep. 689;) *Boeing* v. *McKinley*, *supra.*

Order reversed.