HERBERT H. HOYT v. JOHN LIGHTBODY and Others.[1]

November 4, 1904.

Nos. 14,017—(49).

**Vacating Judgment.**

The relief authorized by sections 5842, 5267, G. S. 1894 (being respectively section 8, c. 75, and section 125, c. 66, G. S. 1878), applies to actions to determine adverse claims to real estate, in which jurisdiction was obtained by publication over parties described as other persons or parties unknown.

**Same.**

Where an application is made to vacate a judgment obtained in such a proceeding within one year after notice thereof by the person bringing

[1] Reported in 101 N. W. 304.

himself within the terms of section 5267, the action of the trial court in granting relief will not be set aside except in case of the abuse of a sound discretion.

**Application by Minor.**

A minor heir upon good cause shown may be allowed to defend his interest in real property involved in such an action within two years of his becoming of age, where jurisdiction was obtained by publication, and he was without actual notice of the pendency thereof before entry of judgment. G. S. 1894, § 5842.

Action in the district court for Lake county by Herbert H. Hoyt, plaintiff, against John Lightbody, E. Berlingame, John Currie, "and also all other persons or parties unknown, claiming any right, title, estate, lien or interest in the real estate described in the complaint herein" defendants, to determine the adverse claims of defendants to certain vacant and unoccupied land. Service of the summons was had by publication thereof, and judgment by default was duly entered in favor of plaintiff on May 7, 1897. In July, 1903, Helen, Lucy, and in October, 1903, Arthur Lightbody, claiming to be the children of defendant John Lightbody, deceased, applied to open the judgment and for leave to answer. From an order, Dibell, J., granting the application, plaintiff appealed. Affirmed.

*John A. Keyes,* for appellant.

*S. T. & Wm. Harrison,* and *F. H. De Groat,* for respondents.

DOUGLAS, J.

Appeal from an order of the district court vacating a judgment and allowing respondents to appear as defendants and answer therein.

In an action to determine adverse claims to certain lands judgment was entered in favor of the plaintiff on May 7, 1897. Respondents were barred by said decree from claiming any interest therein under the description of unknown owners. In 1903 respondents applied to the court for an order vacating said judgment and allowing them to answer.

From the affidavits filed it appears that, at the time of the entry of said judgment, respondents Helen, Lucy and Arthur Lightbody were minor heirs of defendant John Lightbody, then deceased, who, during his lifetime, was the owner of an undivided half interest in the prop-

erty involved. It also appears said application was made within two years from the time Helen and Lucy Lightbody became of age, and within one year from the time they each had notice of the entry of said judgment; also that said application was made by Arthur Lightbody within three months from the time he became of age, but approximately thirteen months after he was advised of such entry; that neither of said parties were served personally or by mail with summons, and had no knowledge of it or the pendency of the action until August 15, 1902. Respondents' mother died prior to 1891, and since the death of their father they have resided in the state of Wisconsin, and it appears a guardian has never been appointed.

Plaintiff claims to be the owner of their interest in said land under and by virtue of certain tax proceedings, which are alleged to be void within the rule adopted by this court in Easton v. Scofield, 66 Minn. 425, 69 N. W. 326; MacEwen v. Beard, 58 Minn. 176, 59 N. W. 942; Norton v. Metropolitan Life Ins. Co., 74 Minn. 491, 77 N. W. 298, 539. The merits, however, of this controversy are not now before us. McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338. It is sufficient to note that the answers tendered by respondents set forth an apparently good defense.

The right of Lucy and Helen Lightbody to apply for a vacation of said judgment is based upon section 5267, G. S. 1894, being section 125, c. 66, G. S. 1878, as amended, which in part reads:

> The court * * * may also in its discretion at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him, through his mistake, inadvertence, suspense or excusable neglect.

The application of Arthur Lightbody for like relief was made upwards of one year after notice of the entry of said judgment, but within three months of the time he became of age, and was based upon section 5842, G. S. 1894, being section 8 of chapter 75, G. S. 1878. The legislature referring to proceedings involving the title of real estate, in which the unknown heirs of a decedent are necessary parties, therein provided:

> Such heirs may on application to the court and on sufficient cause shown, be allowed to defend such action at any time with-

in one year after the rendition of judgment thereon; provided, that if it shall appear that such heirs were minors at the time such judgment was rendered they may be allowed to defend the action at any time within two years from the day of their becoming of age.

It was early held that section 5267, G. S. 1894, applied to actions to determine adverse claims to real estate, and authorized the granting of relief from defaults upon application made by parties interested, who were designated as "other persons or parties unknown." G. S. 1894, § 5818; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689. The doctrine was reaffirmed and extended in Boeing v. McKinley, 44 Minn. 392, 46 N. W. 766, to parties described as "unknown heirs," etc., in a proceeding instituted under chapter 75, G. S. 1878, to determine adverse claims to real estate. In other words, in proceedings instituted under said chapter, parties described as unknown heirs were held to· be entitled to the same relief against default judgments as parties whose rights were affected injuriously by judgments entered in other classes of actions.

Commenting upon Lord v. Hawkins, supra, the court, in the latter case said: "Section 125 of said chapter 66 (G. S. 1894, § 5267) was also construed in the case just mentioned, and there is no room for distinguishing between that and this, as to defendant's right to apply, and the power of the court in a proper case to grant, an application for leave to answer and defend within one year after notice of rendition of the judgment. An intent to exclude parties who have been proceeded against as 'unknown heirs' from availing themselves of the provisions of section 125 is nowhere discoverable in those sections of chapter 75, supra, which authorize and regulate this method of procedure in actions relating to real estate, nor can such intent be found elsewhere in the statutes.· Hence all of the reasoning of the court with reference to the scope and purpose of section 125 is forceful and pertinent here."

We without hesitation follow this holding, and are unable to distinguish between the term "unknown heirs" as used in section 5839, and "other persons or parties unknown" as used in section 5818, G. S. 1894, being parts of the same chapter. Therefore all that was said

in Boeing v. McKinley, supra, applies to each of the applications for relief made herein. It also follows that the added provisions adopted by the legislature for the protection of minors, contained in section 5842 (being part of said chapter 75, G. S. 1878), apply to minors whose interests in real property purport to be extinguished by a judgment.

Helen and Lucy Lightbody having brought themselves within the terms of section 5267 above quoted, and Arthur Lightbody having brought himself within the provisions of section 5842, the trial court had jurisdiction to afford the relief granted. Arthur Lightbody applied for relief within three months from the time he became of age, and his sisters within one year from the time when they were apprised of the entry of said judgment. A guardian had not been appointed for either of said minors, and they were not parties in name to the original proceedings.

The rule is elementary that, in a proper case and upon sufficient cause shown, the discretion of the trial court in granting an application to vacate a judgment will not be disturbed upon review, except in cases wherein it is apparent that such discretion is abused. Tested by this rule we are of the opinion the trial court did not err in granting the relief prayed for.

Order affirmed.