THOMAS S. McCLURE v. CAROLINE E. CLARKE and Others.[1]

December 23, 1904.

Nos. 14,200—(133).

**Vacating Judgment.**

Upon the undisputed facts stated in the opinion, *held*, the trial court erred in relieving respondent from default and permitting her to answer.

Appeal by plaintiff from an order of the district court for Stearns county, Baxter, J., opening a judgment by default as to defendant Caroline E. Clarke and permitting her to answer and defend. Reversed.

*Taylor & Jenks* and *Geo. H. Reynolds,* for appellant.

*Stewart & Brower,* for respondent.

DOUGLAS, J.

Appeal by plaintiff from an order of the district court of Stearns county relieving the defendant Caroline E. Clarke from default therein and allowing her to answer.

This was an action to quiet title, and summons. was served upon said defendant personally January 30, 1902. An order for judgment

· [1] Reported in 101 N. W. 951.

was duly made against her on December 31 following, but the entry thereof was deferred until April, 1904. From the affidavit of defendant it appears that shortly after its service she handed the summons to her husband and general agent, Nehemiah P. Clarke, who was also a defendant. An attorney was not employed by either of them prior to March, 1904, over two years subsequent to such service, at which time the pending application for leave to answer was made, and no excuse or explanation whatever was given for such long delay or neglect except that defendant assumed her husband, to whom the summons had been transferred, would attend to the matter.

While the trial court has a wide discretion in relieving from defaults in proper cases, still it has always been held to be a judicial discretion, not to be exercised capriciously or arbitrarily. The following cases illustrate in many phases the rule adopted: Altmann v. Gabriel, 28 Minn. 132, 9 N. W. 633; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Osman v. Wisted, 78 Minn. 295, 80 N. W. 1127; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Crane & Ordway Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794; White v. Gurney, 92 Minn. 271, 99 N. W. 889.

In the application at bar it was not suggested that neglect to answer was based upon fraud, inadvertence, or mistake; therefore a foundation was not laid for the exercise by the trial court of any discretion. The court was simply called upon to set aside a default which had existed over two years, upon the naked request of defendant, because it met the pleasure of herself and general agent to refrain from complying with the regular rules of procedure provided by the legislature for the guidance of litigants. We are of the opinion the court erred in affording the relief prayed for.

Order reversed.