SYLVESTER KIPP v. HENRY CLINGER and Others.[1]

January 19, 1906.

Nos. 14,495—(153).

#### Case Followed.

Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803, to the effect that a memorandum of a trial court attached to, but not expressly made a part of, its order or decision, may be referred to when it furnishes a "controlling reason for the court's decision," followed and applied.

#### Memorandum of Trial Court.

Such memorandum may not, however, be referred to for the purpose of impeaching or contradicting express findings of fact, or conclusions necessarily following from the decision made.

#### Motion to Vacate Judgment.

The grantee of a defendant in an action to determine adverse claims to real property, wherein judgment has been rendered by default, may move the court to vacate and set aside the judgment and for leave to defend therein; but his right to that relief depends upon whether the defendant, to whose rights he succeeded, would, on the facts disclosed, be entitled to it.

#### Exercise of Due Diligence.

It must affirmatively appear, to justify granting such a motion, when addressed to the discretion of the court, under G. S. 1894, § 5267, that it was made with due diligence and within one year from actual notice of the judgment.

#### Affidavit of Absence of Notice.

An affidavit by such grantee stating in general terms that the defendant, his grantor, had no actual notice or knowledge of the judgment, is hearsay evidence, and insufficient to establish the fact of want of notice in defendant.

#### Rule of Hearsay Evidence.

The rule excluding hearsay evidence applies to affidavits used upon motions to vacate and set aside judgments.

#### Appeal—Right Decision but Wrong Reason.

The rule that an order or decision of the court below, otherwise right as a matter of law, will not be reversed merely because the reasons assigned therefor by the court were wrong, applied.

[1]Reported in 106 N. W. 108.

Appeal by Lillian Lambert, grantee of the heirs of defendant Oliver Patch, deceased, from an order of the district court for Pine county, Crosby, J., denying her motion to open a default judgment entered against said decedent and his heirs designated as unknown parties, and for leave to answer. Affirmed.

*Robert C. Saunders,* for appellant.

*Sylvester Kipp,* pro se.

BROWN, J.

This action was commenced in April, 1902, against numerous defendants, among them one Oliver Patch, and also all "unknown parties" claiming any interest in the land involved in the action, to quiet title to a number of tracts of land in Pine county, which was alleged in the complaint to be vacant and unoccupied. The summons was served by publication, and in due time, and on July 8, 1902, default judgment was rendered in favor of the plaintiff for the relief prayed for. At the time of the commencment of the action and rendition of the judgment defendant Oliver Patch was dead; but his heirs, residing outside the state of Minnesota, were bound by the judgment as unknown parties. Thereafter, and prior to May 30, 1905, his heirs conveyed one of the tracts of land involved in the action, which was owned by their ancestor, Oliver Patch, to Lillian Lambert, who thereafter, and on July 25, 1905, as the successor in interest of said heirs, moved the court to vacate the judgment, in so far as it affected the particular land, and for leave to defend in the action. The motion was denied by the trial court on the ground that the application was not seasonably made. It appears that the judgment rendered in the action was duly recorded in the office of the register of deeds for Pine county, wherein the land is located, on July 12, 1902, under the provisions of chapter 76, p. 82, Laws 1897, and the court held that the record of the judgment constituted actual notice of its entry to all the defendants in the action, and that, inasmuch as the motion for leave to answer was not made within one year from the date of such record, the court had no discretion to grant it. Lillian Lambert appealed.

The trial court appended a memorandum to the original order denying the motion, in which the reasons for the order were given. On the theory that the memorandum, not having been made a part of the

order, could not be referred to for the purpose of ascertaining the reasons for the action of the trial court, a supplemental order was subsequently obtained in which the reasons controlling the court were stated, and from which it appears that in denying the motion the court did not consider the merits of the application, but denied it solely on the ground that as a matter of law the motion was made too late. Counsel for respondent object to the consideration of this supplemental order on the ground that it was unauthorized.

There are numerous decisions of this court to the effect that the memorandum attached to a decision of the trial judge, which is not expressly made a part thereof, cannot be considered in this court for any purpose; but that rule has been materially departed from in recent decisions, and is not enforced at the present time with its former strictness. The memorandum may now be considered, even though not expressly made a part of the order, for the purpose of throwing light upon or explaining the decision. Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803. It may not, however, be referred to for the purpose of impeaching, contradicting, or overcoming express findings of fact or conclusions necessarily following from the decision made (Holland v. Great Northern Ry. Co., 93 Minn. 373, 101 N. W. 608), but may, under the decision in the Johnson case, supra, be referred to for purposes of illumination, or as expressed by Judge Lovely, in that case, where it furnishes a "controlling reason for the court's decision." It is therefore unnecessary to consider the right of the trial court to make the supplemental order or its effect.

Chapter 76, p. 82, Laws 1897, provides that a certified copy of any order or decree or judgment of any court of record of the state of Minnesota affecting the title to real estate, or any interest therein, may be recorded in the office of the register of deeds, in any county wherein such real estate or any part thereof is situated, and that when so recorded the judgment "shall be deemed notice of the contents thereof to all parties interested," and shall be received in evidence with like effect as the original. Prior to the passage of this statute this court had uniformly held that an application under section 5267, G. S. 1894, to vacate a default judgment and for leave to answer could be made at any time within one year after actual notice of its entry. Wieland v.

Shillock, 23 Minn. 227. If the relief asked for be based on section 5206, the motion must be made within a year from the entry of the judgment, and is granted upon proper showing as a matter of right. Fifield v. Norton, 79 Minn. 264, 82 N. W. 581. In all cases where the summons is served by publication, the defendant may elect whether to apply under section 5206 or under section 5267. Waite v. Coaracy, 45 Minn. 159, 47 N. W. 537.

The theory of the court below was that record of the judgment made pursuant to the provisions of this statute, properly construed, constituted actual notice to all parties interested in the lands affected thereby, and that application to vacate the judgment and leave to defend should have been made within a year from the date of such record; while appellant contends that the statute must be construed as a recording statute, and that it was not the intention of the legislature, by its enactment, to abrogate the rule of practice above referred to, which permits such applications to be made within one year from notice in fact of the existence of the judgment. But, in the view we take of the case, it becomes unnecessary to construe this statute. The order appealed from was right upon a ground other than that given by the lower court, and must be affirmed.

Appellant is the successor in interest of the heirs of Oliver Patch, a party named in the action, who were bound by the judgment as unknown parties, and is in the same position they would have been had the application for leave to defend been made by them. If they were in a position to seek the relief, appellant, their grantee, has the same right. Waite v. Coaracy, supra. If they lost their right to be heard by laches, or otherwise, appellant is in no better position, and must fail. The motion was made under the provisions of section 5267, G. S. 1894, the granting or refusal of which rested in the sound discretion of the court below. In order to make a case calling for the exercise of the court's discretion, appellant should have shown that the motion was made promptly and within one year from actual notice of the entry of the judgment. Diligence is required in cases of this kind, and application must be made to the court within a reasonable time after notice of the judgment, regardless of the statutory limitation of one year. Dunnell, Minn. Pr. 1410. Wieland v. Shillock, supra.

The motion was made long after the lapse of a year from the date of the judgment, and we have only to inquire whether the moving papers sufficiently show that it was made within a year from actual notice thereof. Unless this fact was shown, there was nothing upon which the court below could exercise its discretion, and a denial of the motion was unavoidable. The only showing upon this branch of the case was in the form of an affidavit by appellant, the material portions of which are as follows:

> That said heirs of said Oliver Patch, nor any of them, ever received a copy of the summons herein through the mails or otherwise. That prior to June 1, 1905, affiant had no knowledge or notice whatever of this action or of the publication of the summons herein, nor any knowledge of the entry of the judgment and decree herein which said judgment was entered herein by default on July 8, 1902, and a certified copy of which judgment was recorded in the office of the register of deeds of Pine county, Minnesota, on July 12, 1902. And that said heirs of said Oliver Patch, deceased, nor any of them ever had any knowledge or notice whatsoever of this action or the publication of the summons herein, or of the entry of judgment herein.

Following this are the names and places of residence of the heirs referred to, but no statement, sworn to or otherwise, from them that they had no notice of the judgment, nor is any excuse offered for the failure to obtain their affidavits.

In this condition of the record, we are unable to avoid the force of respondent's contention that the showing was wholly insufficient, and that the court would have been required to deny the motion for that reason had it gone that far into the record. The affidavit of appellant, stating in general terms, that the heirs had no actual notice of the judgment, if not a naked conclusion, is necessarily hearsay evidence, and insufficient for any purpose. Appellant could have obtained information to the effect that the heirs had no such notice only by communicating with them, for want of notice was necessarily solely within their personal knowledge. If evidence of this character were offered on the trial of an action, wherein the question of notice was material,

it would, under the elementary rule that hearsay evidence is incompetent, be promptly excluded. Manufactures v. Koch, 105 N. Y. 630, 12 N. E. 9. It can have no greater force or effect when put in the form of an affidavit. Though the statements in the affidavit might answer the purpose of an allegation in a pleading, where the fact was necessary to be alleged, affidavits to be used upon motions of this character are more than mere pleadings. Facts must be stated in them, and the rule which excludes hearsay evidence applies. It follows that the moving papers were insufficient to call for an exercise of the discretion of the court below, and, if the case were remanded with direction to consider the motion upon the merits, that court could make no order other than to deny it.

It is not important that the court assigned what may be an erroneous reason for its decision. The decisions of this court are uniform that an order, otherwise right as a matter of law, will not be reversed because the reasons assigned for it by the court below were wrong. Bunday v. Dunbar, 5 Minn. 362 (441); Zimmerman v. Lamb, 7 Minn. 336 (421); Wieland v. Shillock, supra; Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002; Voge v. Penney, 74 Minn. 525, 77 N. W. 422; McCord v. Knowlton, 76 Minn. 391, 79 N. W. 397.

For the reasons stated, the order appealed from was the only one the court below could have made on the moving papers, and it is affirmed.

Order affirmed.