LAURA DION v. JOSEPH I. BASSETT and Others.[1]

November 1, 1907.

Nos. 15,427—(37).

Action in the municipal court of Duluth to recover $300. From an order, Windom, J., refusing to grant a motion to set aside a judgment and for leave to serve an answer, defendants appealed to the district court for St. Louis county, which reversed the order of the municipal court. From the order of reversal, Ensign, Cant and Dibell, JJ., plaintiff appealed. Reversed without prejudice to the right to renew the motion.

*J. De La Motte*, for appellant.

*J. H. Whitely* and *Paul M. T. Thompson*, for respondents.

PER CURIAM.

This action was originally commenced in the municipal court of the city of Duluth against four defendants as copartners in business to recover the sum of $300 for personal services. Judgment was entered September 6, 1906, as upon default, and two of the defendants made a motion to set aside the judgment and for permission to answer, upon the ground that the judgment was taken against them through mistake, inadvertence, surprise, and excusable neglect. The municipal judge refused to grant the motion, and appeal was taken to the district court of St. Louis county, which court reversed the order of the municipal court and permitted the defendants to answer. From that order appeal was taken by plaintiff to this court. The motion as made to the municipal court was made upon the files and records, and upon certain affidavits filed on behalf of two of the defendants, and counter affidavits on behalf of counsel for plaintiff and D. M. De Vore, an attorney whom defendants claimed to have engaged to appear and defend the action.

According to the affidavit of defendant Tyo, he was absent from Duluth from July 22 to August 31, 1906; that on September 1, following, he was handed the summons and complaint by a member of the family where he boarded in Duluth up to July 22, 1906; that on September 3 he called on De Vore who promised to appear and answer and to attend to the case. The affidavit states further: " * * * In the midst of said conference, said De Vore left affiant in his office and went out, saying he was going to lunch, and treated affiant and his case with general indifference, and that affiant went back to the office of said De Vore several times thereafter * * * but he never succeeded in finding him in. * * * *" The affidavit further states that Tyo had no notice of the entry of judgment until September 10, when he turned the matter over

[1] Reported in 113 N. W. 1133.

to another attorney. The other defendant, Socia, in his affidavit states that a copy of the summons was handed to him August 17, 1906; that he took the papers to De Vore on August 20, and asked him to appear; that De Vore said he would prepare an answer and serve it in due time; that he thereafter frequently visited the attorney's office, but was unable to find him in; that he did not thereafter see him, except on September 3, when nothing was said about the preparation of the answer; and that he had no knowledge of judgment being entered until September 10.

According to a counter affidavit filed by attorney for plaintiff, De Vore came to his office in Duluth on August 23, and requested plaintiff's attorney to hold the case open until Tyo returned from Canada; that Tyo had possession of defendant's books and papers; that his clients had not paid him for other services, and thereupon counsel for plaintiff stipulated to hold the case open three days to give De Vore an opportunity to get his money; that no answer was served; and that judgment was accordingly entered as of default.

An affidavit was also made by De Vore in which he states that the two defendants came into his office with the summons and complaint, requesting him to appear and defend the action, which he agreed to do, but only upon payment to him of a retainer for his services in that case, to which they assented and agreed to bring him the money; that the same parties owed him $20 for prior services, which had never been paid, and that he gave them to understand that he would not appear and defend the action unless his fees were paid, and that he requested them to bring in the books and papers, so that he could understand the case and draw an answer; that he thereupon consulted with counsel for plaintiff, and asked for additional time, stating the reasons; that thereupon three days were granted; that defendants neglected to bring him the papers, neglected to pay him any fees, and for these reasons he refused to appear and defend the action.

The proposed answer alleged that plaintiff was the wife of one of the defendants, and that her claim had been settled in full and was not well founded. It might also be mentioned that the other two defendants admitted service of the summons and complaint. It also appears that on September 10 an execution was levied upon defendants' property, and thereupon they made application to other counsel to look after their interests.

The municipal court had before it the files and records of the case, and the several affidavits above referred to. Those affidavits presented a disputed question of fact, involving upon the one hand the diligence or neglect of De Vore, and on the other hand, if his statement was correct, the negligence of the defendants in failing to carry out their part of the agreement with him, viz., to pay for his services in advance and bring in the books. The truthfulness of the statements thus made was for the municipal court to decide, and it was a matter addressed to the discretion of that court as to whether a

102 M.—33

proper showing had been made. That court having considered the affidavits,. records and files, and having decided adversely to defendants, the matter presented to the district court upon appeal was simply whether or not the municipal court had abused its discretion in so deciding.

We have carefully examined the record, and are unable to discover wherein the trial court failed to exercise its proper discretion. It certainly does not appear from the record that there was an abuse of discretion, and for this reason the district court was in error. However, upon the argument in this court it was practically conceded that, some two or three months after the transaction took place, Mr. De Vore was committed to the hospital for the insane. If at the time he was employed by the defendants he was mentally unbalanced, such fact should tend to strengthen their claim to have the judgment opened. Under all the circumstances, we are of opinion that defendants should have an opportunity to present the matter de novo before the municipal court, if so advised.

It is therefore ordered that the order of the district court be reversed, without prejudice to the right of the defendants to renew the motion before the municipal court.