## W. C. FOSTER v. JAMES A. COUGHRAN and Others.[1]

February 10, 1911.

Nos. 16,918—(241).

**Opening judgment — defense by "unknown defendant."**

    Lack of notice or knowledge of the pendency of the action is sufficient excuse, under section 4160, R. L. 1905, for the failure of an "unknown defendant" to answer therein, and authorizes the court, under said section,

[1]Reported in 129 N. W. 853.

upon seasonable application, to give such defendant an opportunity to interpose a meritorious defense to the cause of action set out in the complaint.

**Same — computation of time — notice from record of decree.**

Section 3350, R. L. 1905, providing that "a certified copy of any judgment, decree, or order made by any court of record within the state, affecting title to real estate or any interest therein, may be recorded in any county where any of the lands lie, in the same manner and with like effect as a conveyance," is a recording act, and does not make the record of such judgment notice of the entry thereof, within the meaning of that part of section 4160, R. L. 1905, which limits the time within which applications for relief from judgments may be made to one year from notice thereof.

Action in the district court for Morrison county to determine adverse claims to certain real estate. The facts are stated in the opinion. The case was tried before Taylor, J., who ordered judgment in favor of plaintiff decreeing him to be the owner in fee simple free from all adverse claims. Judgment was entered on May 13, 1909. George W. Stewart gave notice of motion to be made on September 19, 1910, to set aside the judgment as to one tract of land, and to allow him to serve and file his proposed answer on the grounds (1) that he was a resident of the state during the times mentioned, and no summons was served upon him, and (2) inadvertence, surprise and excusable neglect in failing to interpose an answer to the action. The motion was granted. From the order vacating the judgment and permitting said Stewart to make, serve and file his answer to the complaint, plaintiff appealed. Affirmed.

*William G. White,* for appellant.
*Stewart & Brower,* for respondent.

SIMPSON, J.

This action was brought in the district court for Morrison county against a number of named defendants and "unknown defendants" to determine adverse claims to several separate tracts of real estate. Judgment was entered therein May 13, 1909, and the following day a certified copy of the judgment was recorded in the office of the register of deeds for Morrison county. Fifteen months thereafter, George W. Stewart, respondent herein, who was not one of the

named defendants in the action, moved the said court that the judgment be vacated in so far as it applied to one tract of land, and that he be permitted to defend the action. He based his right to this relief on his claimed ownership of the land involved, and the lack of any knowledge or notice of the pendency of the action, or of the entry of the judgment. The motion was granted, and the plaintiff brings the case to this court by appeal from the order granting such motion.

Respondent's application to be permitted to defend the action, being made more than one year after the entry of judgment, was necessarily made under section 4160 of the Revised Laws of 1905, authorizing the court, in its discretion, to relieve a party from any judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. The action of the court granting relief under this section will not be reversed on appeal, except for a clear abuse of discretion. Perrin v. Oliver, 1 Minn. 176 (202); Dion v. Bassett, 102 Minn. 512, 113 N. W. 1133. The showing made by respondent in his moving papers and proposed answer, in brief, is: That he is the owner of the land in question; that he acquired title through tax sale and unrecorded conveyance from the record owner; that he was not named as a defendant, was not served with summons, and had no knowledge of the pendency of the suit or of the entry of the judgment until shortly before making his motion; and that the plaintiff's claim of ownership is based solely on a void tax title. Clearly, in so far as the motion of respondent was within the discretionary power of the court to grant, no facts appear tending to show an abuse of that discretion.

But appellant contends that no case was made by the facts before the court within the statute for the exercise of judicial discretion. In support of this claim it is urged that no excuse was shown in respondent's moving papers for his failure to seasonably appear and defend in the action. As stated, respondent's affidavit tended to show that he had no notice or knowledge of the pendency of the suit or the entry of the judgment therein until August 6, 1910, shortly before making his motion herein. It would be difficult to suggest a more complete excuse for neglecting to appear in an action than lack of no-

tice or knowledge of the pendency of the action. This affidavit presents an entirely different situation from that existing in McClure v. Clarke, 94 Minn. 37, 101 N. W. 951, and Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748, in which cases the parties seeking to have the judgment set aside knew of the pendency of the action and without excuse failed to defend. It is immaterial that upon this same showing the respondent, had he applied within a year from the time of the entry of judgment, could have obtained relief as a matter of right under another section of the statute. Such other section does not afford an exclusive remedy in cases that fall also within the provisions of the section here under consideration. Waite v. Coaracy, 45 Minn. 159, 47 N. W. 537; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689. Nor did respondent, in making this application, "stand in the shoes of the record owner," as contended by counsel for appellant. The sufficiency of the assigned grounds for relief must be determined from consideration of the situation of the party seeking the relief.

The showing made in this case by the respondent is that when the action was commenced he was the owner of the land in question, and that the named defendant record owners in the suit had no interest in the land. Personal service on the persons appearing by the record to be owners, but who are in fact not owners, and their default, would not prevent the respondent from asserting his title before judgment, and should not prevent him from obtaining, upon a showing of lack of notice of the pendency of the action, the opportunity to defend, which it is the purpose of the statutes to give, as made evident by the terms of both section 4160 and section 4425.

Where the title is obtained from the record owner after judgment against him, an entirely different case is presented. In such case, ordinarily, the purchaser does stand in the shoes of the record owner, and before he can obtain an opportunity to assert his title in the suit he is bound to excuse, not his default, but the default of the record owner. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; McClymond v. Noble, 84 Minn. 329, 87 N. W. 838, 87 Am. St. 354. Nor does the right of the respondent to the relief here asked depend upon his asserted title being superior to the title made by

the judgment of the plaintiff, but it depends upon his having a meritorious defense to the cause of action set out in the complaint. Attributing to plaintiff's judgment the effect he claims for it, that it is binding on the respondent and renders void his claimed title, still that does not determine or affect the right of the respondent, upon a proper application, to have such judgment vacated. Upon such application, a sufficient excuse having been shown for a failure to defend before judgment, it is only necessary for the applicant to show some interest or title superior to the title of the plaintiff prior to judgment. This the respondent does by his proposed answer.

Respondent assigns, as a further reason why this application is not brought within the provisions of section 4160, that it appears that the application was not made within a year of notice of the judgment. A certified copy of the judgment sought to be vacated was filed in the office of the register of deeds of the county in which the land is situated some fifteen months prior to the making of the application. The statute authorizes relief only in cases where the application is made within one year after the notice of the judgment. Therefore, if the filing of the copy of the judgment was notice to respondent, his application made fifteen months thereafter was too late.

Section 3350 of the Revised Laws of 1905 is as follows: "A certified copy of any judgment, decree, or order made by any court of record within the state, affecting title to real estate or any interest therein, may be recorded in any county where any of the lands lie, in the same manner and with like effect as a conveyance."

This section, in terms, gives to the record of the judgment the same effect as is given by the recording acts to the record of a conveyance. It does not purport to, and could not, make the judgment a conveyance or give to a recorded judgment the force of a recorded conveyance. A judgment recorded under this section must, in the absence of anything indicating a different purpose, be given the same effect as notice that is given to the record of instruments generally under the recording acts. A proper record is constructive and absolute notice, charging every person subsequently dealing with

the property involved, whose duty it is to make examination of the records. A person who has a legal right to rely on the record is chargeable with notice of what the record discloses. The recording acts, by providing that the absence of the record renders a conveyance void as to subsequent purchasers, thereby make the presence of the record notice of the conveyance to the same class. The respondent, as holder of an unrecorded title to land prior to the entry of judgment affecting the land, would not, under the law applicable to recording acts, receive notice of the judgment by its record.

To give the record of the judgment the force of notice within the meaning of section 4160, providing for relief from judgments within a year after notice thereof, would be clearly contrary to the purpose of that section. It is designed to relieve parties, who have a meritorious defense to an action, from the effect of a judgment obtained against them therein, under circumstances which make excusable their failure to assert the defense seasonably. The record of a judgment does not make lack of actual knowledge of the pendency of the suit or entry of the judgment any less excusable. Further, if the record of such judgment is to be deemed actual notice, within the meaning of section 4160, it must likewise be actual notice to one applying for relief from a judgment under section 4113. Under the latter section it has been repeatedly announced that diligence must be used, and that actual notice of the judgment may limit the time within which application must be made to less than a year from the entry of judgment. Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748. If the record of a judgment affecting the title to real estate obtained by default, without personal service upon the defendants, shall be deemed actual notice of the entry of the judgment, it lies in the hand of any person obtaining such judgment to reduce the statutory period of one year allowed such defendants to appear and defend to a small fraction of a year, and that without the defendants ever having actual knowledge or notice of the judgment. There is nothing in the statute providing for recording such judgments that makes such a construction necessary or proper.

In Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108, the effect, as notice, of the statute then in force (chapter 76, Laws 1897), provid-

ing for the record of the judgments affecting the title to real estate, was discussed, but not decided. That statute was, on this point of notice, essentially different from section 3350, R. L. 1905, in that it provided that, when recorded, the judgment "shall be taken and deemed notice of the contents thereof to all parties interested." Whether that statute should be construed as a recording statute, or as giving actual notice to all parties interested in the land affected by the judgment, was not determined. The present law, in terms, purports to be nothing beyond a recording statute, and, by so construing it, it harmonizes with the other provisions of the law providing for vacating of judgments under certain conditions.

The case presented in the court below was one for relief within the provisions of section 4160, and the court did not abuse its discretion in granting such relief. We have discussed the questions raised by plaintiff's appeal and his objections to the order appealed from. As we conclude that his objections to the order are not valid, it is unnecessary to consider points raised by respondent as to the validity of the judgment herein, or as to its effect on his claimed title, which points were not raised or passed upon in the court below. Under these circumstances, the questions so raised by respondent will not be passed upon in this court. Babcock v. Sanborn, 3 Minn. 86 (141); White v. Western Assurance Co., 52 Minn. 352, 54 N. W. 195.

Order affirmed.

JAGGARD, J., being absent, took no part.