## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. MENDEL CANTER.[1]

April 20, 1916.

Nos. 19,646—(70).

**Vacating judgment — laches — illness of defendant.**

> An application to vacate a judgment made more than nine months after the defendant acquired knowledge of it, and the same period after he had been advised by a competent attorney of what steps he must take to be relieved from it, unless excused, comes too late. Illness, the nature of which does not appear, but which admittedly does not incapacitate the defendant from understanding his rights or giving directions as to litigation, is not a good excuse, particularly where the showing is strong that defendant acquiesced in the judgment until stirred to action by a third party.

Action in the district court for Ramsey county to cancel plaintiff's benefit certificate. Judgment in favor of plaintiff was entered by de-

[1]Reported in 157 N. W. 586.

fault. From an order, Dickson, J., granting defendant's motion to set aside the judgment and for leave to answer, plaintiff appealed. Reversed.

*William G. White,* for appellant.

*A. J. Hertz and James E. Markham,* for respondent.

HALLAM, J.

Plaintiff is a fraternal beneficiary society. Defendant was a member of the society. In 1910 plaintiff undertook to expel defendant, and he thereafter paid no assessments or dues. This action was brought in 1914, the complaint alleging that defendant still claimed to be a member of the order and asked that his beneficiary certificate be adjudged cancelled. The summons was served August 31, 1914. Plaintiff was ill at the time. He interposed no answer and judgment was entered by default on October 2, 1914. In November, 1914, defendant, at the suggestion of a friend, sent his papers by his son-in-law to Mr. Chesnut, a lawyer with whom defendant had previously left his beneficiary certificate, with the request that this attorney appear in the action. On November 24 Mr. Chesnut discovered that judgment had been entered, and upon receipt of this information he advised plaintiff's son-in-law of that fact, and advised him further that no course was open to him except to make application to vacate the judgment. Mr. Chesnut was not employed for that purpose, nor was any one else. Not until nine months thereafter did defendant make another move. On September 7, 1915, his present attorney prepared an application to have the judgment opened. The trial court granted the application.

Such applications are addressed in a large measure to the discretion of the trial court. At the same time this discretion must be controlled by the statutes of the state and by certain well settled rules of law. The statutes provide that the court may relieve a party from a judgment only when taken against him through his mistake, inadvertence, surprise or excusable neglect (G. S. 1913, § 7786[1]), and it is well settled that to justify the court in granting such a motion it must affirmatively appear that the application was made with reasonable diligence. A defendant against whom judgment has been entered cannot play fast and loose. He cannot acquiesce in the judgment and then later expect to be relieved

[1][R. L. 1905, § 4160].

from it. In this case the lapse of nine months after defendant's attorney advised defendant's representative that judgment had been entered, unless satisfactorily explained, would be such culpable laches as would require the court to deny defendant any relief. The only excuse urged is that "before he had an opportunity to consult or employ an attorney" he "became very ill and was confined to his bed, and now is seriously sick and has since been unable to be about or to attend to any business." We do not wish to minimize the importance of illness as an excuse for failure to take necessary steps in litigation, but the foregoing statement is very vague and, in connection with other undisputed facts in the case, cannot be considered an excuse for defendant's long delay. The fact affirmatively appears that plaintiff was able to and did in fact discuss this matter with members of his family and with friends, and was able to and did give directions as to this litigation, and that he took legal advice and was fully advised as to his rights. He had members of his family who were able and willing to take measures necessary to protect his interest, yet for all this time he remained quiescent.

From an affidavit presented by plaintiff it affirmatively appears that shortly before this application was made defendant was waited upon by a former officer of plaintiff society, that this former officer advised defendant that a good lawyer would be able to obtain an order setting aside the judgment, and urged him to make the application, and that this application was made pursuant to such suggestion. Defendant does not deny these statements. It seems clear that he acquiesced in the judgment obtained until he was thus stirred to action. After such long acquiescence we are of the opinion that the opening of the judgment was beyond the discretion of the court. See Groh v. Bassett, 7 Minn. 254 (325); Altmann v. Gabriel, 28 Minn. 132, 9 N. W. 633; McClure v. Clarke, 94 Minn. 37, 101 N. W. 951.

Order reversed.