CORNELIUS F. BUCK, Plaintiff in Error, *vs.* HORACE N. COL-BATH, Defendant in Error.

ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

Where a complaint in trespass alleged facts showing a wrongful taking, *held* sufficient, though in terms the complaint did not allege the taking was wrongful.

In an action of trespass, the Defendant pleaded, that he took the property under a writ of attachment out of the United States Court, and as United States Marshal, as the property of another party, Defendants in the writ. Under this plea he requested the Court to charge the jury, that it being admitted by the pleadings that Defendant took the property as United States Marshal, by virtue of process issuing out of the United States District Court, for the District of Minnesota, the right of property in the goods cannot be tried in this Court, and there must be a verdict for Defendant. *Held*, there was no error in the refusal so to charge.

## Points and Authorities of Plaintiff in Error.

I.—The complaint alleged no wrongful taking, and should have been dismissed. There is no presumption of wrong from a mere statement of a taking, and the mode of pleading adopted by the Plaintiff in Error would seem purposely evasive. *Coit vs. Waples*, 1 *Minn.*, 134; *Reynolds vs. Lounsbury*, 6 *Hill*, 534.

II.—The Court erred in refusing to charge that Defendant in Error must show a sale for a valuable consideration.

It is incumbent on the Plaintiff to show a possession *good as against the Defendant*. 2 *Greenleaf on Ev.*, 571, *sec.* 613.

III.—The Court erred in denying the motion of Plaintiff in Error for judgment on the pleadings, and in charging the jury

that the fact, that the Plaintiff in Error was United States Marshal, and took under United States Court's process, was no defence unless it was also proved that the goods belonged to the Defendant in the writ.

It is admitted that if on a precisely similar complaint, so far as the allegations are concerned, the Plaintiff below had demanded a recovery of the property, the Court would have granted the motion of Plaintiff in Error for judgment. *Freeman vs. Howe*, 24 *How.*, 450.

Points and Authorities of Defendant in Error.

I.—The allegations of the complaint sufficiently *show* a wrongful taking.

II.—The evidence makes a *prima facie* case of ownership in the Plaintiff.

III.—The decision of the Supreme Court in 24 *Howard*, cannot by any reasonable construction be extended to cases of trespass.

ALLIS & PECKHAM, Counsel for Plaintiff in Error.

D. A. SECOMBE, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—The statement of the case as given in the brief of the Plaintiff in Error, is sufficient for a proper understanding of the points decided, and is as follows, viz:

Colbath, the Defendant in Error, brought trespass *de bonis* against the Plaintiff in Error, for taking certain goods of the said Colbath in the town of Anoka.

The Plaintiff in Error plead three separate pleas:

1st, A general denial.

2d, A plea that he took under a writ of attachment out of the United States Court, and as United States Marshal; and,

3d, A plea like the second, but in addition setting up the debt and judgment following, necessary to raise the question of fraud, (as claimed by Plaintiff in Error.)

The case was brought on for trial before a jury, and the

Defendant below moved to dismiss the complaint, on the ground that no wrongful taking was alleged. The motion was denied, and Defendant excepted. The Defendant then moved for judgment on the pleadings, which motion was denied, and Defendant excepted.

The same question raised by this motion was also raised by the charge of the Court, and exceptions thereto.

The Defendant also asked the Court to charge that under the pleadings, it was incumbent on the Plaintiff below to show a valuable consideration for the sale (to him) which the Court refused, and Defendant excepted.

The jury found for the Plaintiff below, the Court denied a motion for a new trial, judgment was perfected, and a writ of error sued out.

There was no error in the refusal to dismiss the complaint. The pleading states a good cause of action against the Defendant. The facts stated in the complaint show a "wrongful" taking, although the pleader has not used that word to characterize the act of Defendant. The decisions which are cited by Plaintiff in Error, were based upon special statutes controlling the action of replevin; but whatever might have been the rule previous to the adoption of the Code, there can now scarcely be a question, as to the necessity of such an allegation. It is not an allegation of fact, but a conclusion of law arising from the facts stated.

The second objection urged by the Plaintiff in Error, is that the Court erred in refusing to charge that Defendant in Error must show a sale for a valuable consideration. We presume this request to charge was based upon the ground or assumption that a sale by a debtor is to be deemed fraudulent as against his creditors, unless a valuable consideration be shown. Whether this proposition be true or not, it is unnecessary here to inquire, as the facts presented by the case are not such as to justify the charge. It does not appear by the pleadings or evidence, that the Plaintiffs at whose instance the writ of attachment was issued, under which Defendant seeks to justify, were creditors of the grantors named in the bill of sale, at the time of such sale. With regard to this bill of sale, the case only shows that the Plaintiff read in evi-

dence, a bill of sale from Geo. C. Colbath & Co. to H. N. Colbath. All that appears here of the contents of that bill of sale is the names of the parties thereto, and the statement of Plaintiff in evidence, that "the goods described in the complaint are a portion of those described in the bill of sale. The goods had been in my possession since May, 1861." When this sale was made to Plaintiff does not appear. A presumption it is true may arise, that it was at the time they came into the possession of Plaintiff; but such is not necessarily the case, since they might have been previously owned by Plaintiff, and in the actual possession of some other person. We cannot predicate error upon the refusal to charge upon the facts presented by the case.

The counsel for the Plaintiff also requested the Court to charge, "that it being admitted by the pleadings that the Defendant took the goods as United States Marshal for the District of Minnesota by virtue of process issuing out of the United States District Court, for the District of Minnesota, the right of property in the goods cannot be tried in this Court, and there must be a verdict for the Defendant." The Court refused so to charge and Defendant excepted.

In the case of *Lewis vs. Buck*, (*ante, p.* 104,) which was an action of replevin, decided at the present term, we had occasion to examine a plea substantially the same as is here interposed and held that it constituted a good defence in that case. That case was decided upon the authority of *Freeman vs. Howe*, 24 *How.*, 450, and upon the ground that the United States Supreme Court had in the case last cited, directly decided the point presented in *Lewis vs. Buck*. The gist of the action in *Freeman vs. Howe*, was the question of right to the immediate possession of the property, and the Court held, that the Marshal having first seized it under his writ, he should retain it until the right of property was determined in that Court, and that a plea setting forth the facts should, if admitted, constitute a conclusive defence. And this, not because the State Court had not jurisdiction of the action, or person, but rather from the necessity of the case, arising from the peculiar relations of the State and Federal Courts, to avoid an unseemly conflict of authority with regard to the *property itself*,

and not arising out of any conflict in determining the title of the property. We do not understand that the case of *Freeman vs. Howe* decides or establishes the abstract principle, that in all cases where an officer has seized property under the process of any particular Court, the question of title to the property must be determined in that Court ; but rather, that the principle is limited to the action of replevin, or where the question is as to the immediate possession of the property. And as we assented to the doctrine in that case, only on the ground of *stare decisis*, and not because satisfied with the correctness of the principle held, and reasoning by which it was established, so we do not propose to advance a step further in that direction, until clearly satisfied that the Court of last resort has carried the principle to the extent claimed for it by the Plaintiff in Error. Whatever may be the weight of the reasoning by which the principle in *Freeman vs. Howe* is supported, it has manifestly much more force as applied to an action of replevin, than to one of trespass. Indeed, if it can be said that the trial of this action in the State Court, involves any conflict of authority or jurisdiction between it and the United States Court, it is so in theory only, and can practically lead to no results prejudicial to the rights of either Court, or tend to disturb their harmonious relations to each other.

Entertaining these views of the case, it is unnecessary to examine at length the positions of the Plaintiff in Error as to trespass and replevin being concurrent remedies, and the applicability of the case of *Freeman vs. Howe* to the one at bar.

The judgment of the Court below must be affirmed.