Marsh v. Armstrong.

FAYETTE MARSH and E. C. PALMER, Administrators, &c.

*vs.*

AUGUSTUS ARMSTRONG.

A person to be a *bona fide* purchaser without notice, must be without notice of the rights and equities sought to be enforced at the time of the payment of the consideration.

If under a warrant of seizure against a bankrupt, the United States marshal seizes the property of a stranger, the marshal is a trespasser and an action for such trespass may be brought in the state court.

A proceeding in bankruptcy instituted in a federal court by creditors against their debtor to have the latter declared a bankrupt, does not give such court exclusive jurisdiction over actions against the United States marshal for trespass in seizing, as the property of the bankrupt, the goods of a stranger under a warrant of seizure against the bankrupt.

In such proceeding, on the hearing of an application for an order for the sale, as perishable property, of property seized by the marshal under the warrant, the presentation of a petition by a stranger for a stay of proceedings, in order to permit him to establish his title to a portion of the property to be sold, does not make such stranger a party to the suit in bankruptcy, nor can the federal court *in such suit* adjudicate the title of such stranger so as to bind him in an action against the marshal for trespass in seizing the goods, instituted in a state court; nor are the records in the suit in bankruptcy the best evidence, in the action in the state court, to prove the insolvency of the debtor at the time of executing certain chattel mortgages under which the property was purchased by such stranger, the mortgages being executed and the sale made prior to the institution of such suit in bankruptcy.

When the mortgagee in a chattel mortgage duly filed, does not take actual possession of the mortgaged property at the execution of the mortgage, but subsequently obtains possession and while so in possession with power of disposition sells the property to a third person, the burden of proof does not rest upon such purchaser to show that the chattel mortgage to his vendor was executed in good faith and not for the purpose of defrauding any creditor. *Sec.* 1, of *ch.* 39 of the *Gen. Stat.* does not apply to such vendee of the mortgagee.

This is an appeal by defendant from an order, *pro forma*, of the district court for Ramsey county denying his motion for a new trial.

The nature of the action, the defense therein, and the exceptions taken upon the trial, are sufficiently stated in the opinion.

JOHN B. & W. H. SANBORN, with LAMPREYS, for Appellant.

DAVIS & O'BRIEN, with H. H. FINLEY, for Respondents.

*By the Court.*—McMILLAN, J.—This action is brought to recover damages from the defendant for the unlawful taking and detention of certain personal property described in the complaint. The plaintiffs claim that the intestate, Comstock, was the owner and in possession of the property at the time it was taken by the defendant. They claim, and there is evidence tending to show, that he purchased the same from Henry H. Finley in his own right, and as agent of one S. A. Beecher, Finley and Beecher respectively having obtained title to the same under two chattel mortgages executed to them respectively by one Jonathan Hitchcock. The defendant's claim is that as United States marshal for the district of Minnesota he seized the said property under and by virtue of a warrant of seizure issued out of the district court of the United States for the district of Minnesota in a proceeding in bankruptcy in said court against said Hitchcock instituted by one of his creditors; that the said property belonged to said Hitchcock; that the chattel mortgages to Finley and Beecher respectively, were fraudulent and void, and that Comstock before his alleged purchase of the property, or before he paid any portion of the purchase price of the property, had notice that the mortgages were fraudulent. Other defences are

Marsh v. Armstrong.

pleaded and relied on to which reference may subsequently be made.

Upon the trial of the cause there was evidence tending to show that on the 18th or 19th day of July, 1871, Finley, for himself, and as the agent of Beecher, sold and delivered the property mentioned in the complaint to Comstock, in consideration whereof Comstock agreed to transfer to the vendors a promissory note made by Grant & Brosseau to his order for two thousand dollars with interest, but the note was not transferred and delivered to the vendors till the next day, and that after the delivery of the property and before the payment of any part of the purchase price, $i.$ $e.$, before the transfer and delivery of the note to the vendors, Comstock was informed of the fraud in the respective mortgages from Hitchcock to Finley and Beecher. Other evidence tending to prove notice to Comstock of the fraud between the times the property was delivered and the purchase price paid, was offered upon the trial and rejected by the court; and in several instructions the court charged the jury, that if Comstock purchased and took possession of the property and agreed to pay therefor, that he was bound to pay the purchase price irrespective of intervening notice of fraud. This was erroneous. The rule is well settled, that to constitute a *ona fide* purchaser for a valuable consideration he must be without notice of the rights and equities with which it is sought to charge him, not only at the time of his purchase, but also at the time of the actual payment of the consideration. *Miner v. Willoughby & Powers, 3 Minn. 239, and authorities cited.* This will require us to grant a new trial.

There are some other points raised which in view of a re-trial should be determined at this time. The defendant requested the court to charge the jury as follows : " If the jury are satisfied from the evidence that the property describ-

ed in the complaint had been taken possession of and seized by the defendant, he being United States marshal for the district of Minnesota, as such marshal, under a warrant of seizure in due form of law issued out of and under the seal of the United States district court for said district of Minnesota, and duly delivered to said marshal for service under proceedings in a suit in bankruptcy instituted by a creditor of said Hitchcock, in said court, and then pending in said court against him prior to the commencement of this action, then said United States court obtained first and exclusive jurisdiction of the subject matter of this action, and all claims and controversies respecting the property so seized and the proceeds thereof, and your verdict must be for the defendant." The court refused so to charge, and the defendant excepted to said ruling.

The answer of the defendant sets up the institution and pendency of a suit or proceeding in the district court of the United States for the district of Minnesota, in bankruptcy, to have Jonathan Hitchcock adjudged a bankrupt. In this proceeding the warrant of seizure was issued to the United States marshal, under which he took the property described in the complaint.

No other suit or action is pleaded than the one mentioned. The warrant of seizure authorized the marshal to take the property of Hitchcock, the bankrupt, but not of any other person. While acting within the command of the writ the officer is protected, but when in the execution of the writ he takes property belonging not to the bankrupt but to another person, he is as much a wrong-doer as if acting in a private capacity, and the act differs not in its nature from any other trespass. *Mallison vs. Eaton,* 16 *Minn.* 426.

It is claimed by the defendant, that the suit in bankruptcy against Hitchcock having been instituted in the United States

Marsh v. Armstrong.

court and the warrant under which the marshal attempted to justify having issued therein, the United States court has obtained jurisdiction of all questions affecting the title to the property claimed to be Hitchcock's.

The proceeding in bankruptcy is for the purpose of determining that Hitchcock is a bankrupt, and distributing his assets among his creditors. It is a summary proceeding, and under the bankrupt law is exclusively within the jurisdiction of the United States courts. The only parties to the proceeding are the debtor, his assignee and his creditors. In the course of the suit circumstances may arise which render it necessary that other proceedings be instituted in which other persons shall become parties; as where conflicting claims of title to property claimed to belong to the debtor arise, actions at law, or suits in equity must be instituted in which the persons claiming interests adverse to the debtor shall be parties, and in which their rights may be determined by due course of law. But these when instituted are actions distinct from the proceeding in bankruptcy, and may be instituted in the federal or state court, and until they are instituted it cannot be said that any court has assumed jurisdiction of their subject matter. It is not claimed that any such suit or action has been instituted in this instance, and the plaintiff not being a creditor of Hitchcock and therefore not a party to the pending proceeding in bankruptcy against him, would not be affected by it. It is true the federal court in this instance has obtained the custody of the property, the ownership of which is claimed by the plaintiff; but since no claim of possession of the property is set up in this action, there can be no interference with the property in the custody of the United States court in the proceedings in bankruptcy and no conflict can ensue between the federal and state courts. The action is properly brought in the state court. *Buck vs. Colbath*, 7

Marsh v. Armstrong.

*Minn.* 310 ; *Buck vs. Colbath*, 3 *Wallace*, 334 ; *Smith vs. Mason*, 14 *Wallace*, 419 ; *Marshall vs. Knox*, 16 *Wallace*, 555 ; *In re Isaac Marks*, 2 *Bank. Reg.* 175.

It is claimed by the appellant, that Comstock, by presenting his petition to the United States court to stay the order for the sale of the property as perishable property, submitted himself to the jurisdiction of that court ; became a party to the proceeding in bankruptcy, and his title to the property was adjudicated therein. If it should be held that by presenting the petition referred to Comstock submitted the jurisdiction of his person to that tribunal, still we have already seen that the district court in bankruptcy had no jurisdiction to adjudicate in that proceeding the question of his title to the property. His consent could not confer jurisdiction. *Smith vs. Mason, supra* ; *Marshal vs. Knox, supra.* But further, it does not appear that any adjudication of that question was in fact made in that proceeding. The petition of Comstock to the district court of the United States was solely for a stay of proceedings under the order of sale of the property as perishable property, that he might have an opportunity to substantiate his claim to said property against all persons. The petition was denied. This proceeding, we think, did not make Comstock a party to the suit in bankruptcy ; the proceedings, therefore, are not binding upon him, and the records in that suit were not the best evidence to prove the insolvency of Hitchcock at the time of making the mortgages to Finley and Beecher, under which Comstock purchased and were not admissible for that purpose. The court at plaintiff's request charged the jury as follows : " Fraud is not to be presumed in this case ; the defendant is bound to prove it as against Comstock." To this instruction the defendant excepted. By *sec.* 1 of *ch.* 39, *Gen. Stat.*, it is provided as follows : " Every mortgage on personal property, which is not accompanied by

Marsh v. Armstrong.

an immediate delivery, and followed by an actual and con-
tinued change of possession of the things mortgaged, shall
be absolutely void as against the creditors of the mortgagor,
and as against subsequent purchasers and mortgagees in good
faith, unless it appears that such mortgage was executed in
good faith, and not for the purpose of defrauding any cred-
itor, and unless the mortgage or a true copy thereof is filed
as hereinafter provided." *Gen. Stat., p.* 326.

It is claimed by the appellant that under this section the
burden of proof was upon Comstock to show that the mort-
gages to Finley and Beecher were in good faith, and not for
the purpose of defrauding any creditors.

Comstock is not a party to the mortgages, but claims title
to this property as the vendee of Finley and Beecher, the
mortgagees. It appears from the evidence, that at the time of
the sale of the property to him Finley and Beecher, respect-
ively, were in actual possession thereof under their mortgages,
and had been so in possession for some time previous thereto,
and that by the terms of the mortgages the possession and
power of disposition by public or private sale was conferred
on the mortgagees. Under such circumstances we think the
statute is not applicable. Comstock stands as any other pur-
chaser, and the burden of proof is upon the defendant to
show that the sale to him was not *bona fide.* If this were not
so, every owner of personal property, the title to which was
obtained by any previous owner under a chattel mortgage,
would be compelled to show that such mortgage was not
fraudulent, if his title were attacked by any creditor of the
mortgagor. The exception to the charge is not well taken.

These views dispose of all the questions which we deem
important in view of a re-trial of the cause. Very many of
the exceptions in the case are not specifically discussed, be-

cause.they involve the same principles as those above determined.

The order denying a new trial is reversed.