LUCY TOMLINSON and Another v. HENRY WILLIS PHELPS and Others.[1]

November 25, 1904.

Nos. 14,138—(63).

**Appealable Order.**

An order of the probate court which vacates in part a previous order is appealable under subdivision 9, § 4665, G. S. 1894.

**Probate Court—Amending Decree.**

By section 4730, G. S. 1894, the probate court is limited in amending its decrees and orders to the same extent as provided for the district court, and the district court has no power to modify its judgment after the time has expired for taking an appeal therefrom, except in certain cases as provided by section 5267, G. S. 1894.

**Jurisdiction.**

*Held*, in this case, the probate court, having modified its previous decree after the time had elapsed for appealing, had no jurisdiction, it appearing that the previous decree so modified or amended had not been entered by reason of a mistake of fact or through a clerical error.

[1] Reported in 101 N. W. 496.

Upon the petition of plaintiffs the probate court for Hennepin county, on December 21, 1903, made an order vacating in part and amending a final decree of distribution entered therein on September 11, 1895, in the matter of the estate of Willis Phelps, deceased, from which order defendants appealed to the district court for said county. The case was tried before Willard R. Cray, J., who found in favor of defendants' and directed that the order of the probate court be reversed and the cause remanded with instructions to dismiss the petition. From an order denying a motion for a new trial, plaintiffs appealed to the supreme court. Affirmed.

*Jay W. Crane,* for appellants.

*Lancaster & McGee,* for respondents.

LEWIS, J.

In 1881 Willis Phelps, a resident of Springfield, Massachusetts, executed his last will and testament which made various devises to his relatives, and contained the following provision:

> Authority is given to my executors to sell and dispose of any and all of my real estate in the state of Massachusetts, and to invest the proceeds.

At the time of his decease the testator left certain real estate in Minneapolis, Minnesota, and a decree of distribution was issued out of the probate court of Hennepin county in 1895, in which the court found that it was the testator's intention to establish an active trust in all of his estate, to continue during the lives of the executors, and the survivors of them, and to vest in them the title and ownership of the real and personal estate for certain purposes; among them the following:

> With power to sell, lease, manage, control, convey, mortgage, exchange and dispose of the same, or any part thereof, in such manner * * * as to said trustee and survivor or successors thereof should seem meet.

Eight years later—in September, 1903—plaintiffs filed a petition with the probate court praying for an amendment to the decree of distribution by striking out those portions above referred to which

granted to the trustees the power of alienation and to mortgage the estate. The ground upon which the petition was presented was that by clerical mistake the language conveying such power of alienation was erroneously inserted in the decree. An answer was filed to the petition, and, the matter having come on for a hearing, the probate court made an order amending the decree of distribution as prayed for. From that order appeal was taken by defendants to the district court, and judgment was ordered therein reversing the order of the probate court. Plaintiffs appealed to this court from an order denying their motion for a new trial. Upon the trial in the district court the plaintiffs moved to dismiss the appeal from the probate court on the ground that the order of that court was, not appealable. The motion was denied.

It is only necessary to dispose of two of the questions raised on this appeal: Was the order of the probate court appealable? If it was an appealable order, had the time for taking such appeal expired, and did the probate court have jurisdiction to amend the judgment?

1. The appeal was taken under subdivision 9, § 4665, G. S. 1894, which reads:

> An order vacating or refusing to vacate a previous order, judgment or decree, made or rendered, alleged to have been procured by fraud, misrepresentation, or through surprise or excusable inadvertence or neglect.

"Vacating or refusing to vacate," as used in this section, does not limit the power of the court to the complete setting aside of a previous order. This would be a narrow and unwarranted construction. The word "vacating," as here used, means the vacating or setting aside of any part of a previous order. The reasonable construction of the section is that the court may change its former order by vacating it entirely or in part, by substituting another for it, or by vacating it in part and substituting something else in lieu thereof. Such construction is within the jurisdiction of the probate court, as defined by section 4730, which is that it may correct, modify, or amend its records to conform with the facts in the same manner as a district court. The order was appealable.

2. The time to appeal from the previous order of the probate court having expired, did that court in 1903 have jurisdiction to amend or vacate the judgment previously entered? Section 4730 limits the power of the probate court in amending its decrees and orders to the same extent as provided for the district court. The powers of the district court are limited by section 5267, G. S. 1894, as construed in Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057. It was there held that a motion to modify a judgment (with certain exceptions) entered in the district court must be made before the time for taking an appeal from such judgment has expired. An appeal from an order of the probate court must be taken within thirty days after notice of the order or judgment. Consequently, the power of that court to modify its judgments and decrees being limited in the same manner as provided for the district court, it follows that in this case the probate court did not in 1903 have jurisdiction to modify its previous decree, unless it appears that the former order was entered through a mistake of fact or clerical error. If it appears that the original decree of distribution was deliberately entered into as the result of a judicial consideration and construction of the will, then the powers of that court to amend or vacate such decree were exhausted upon the expiration of the time to appeal therefrom.

The record shows that a part of the property involved was acquired by the trustees from the proceeds of his estate, after the death of Mr. Phelps, although a part had been acquired by him prior to his death. Unquestionably, under the authority to dispose of property in Massachusetts, the trustees had the power to sell property in Massachusetts, and use the proceeds for the acquirement of property in Minnesota. In such case a legal question would arise as to their power to again dispose of the Minnesota property so purchased. In the absence of any evidence to the contrary, the probate court may have construed the will with reference to the powers of the trustees to dispose of the entire property held by the estate, and, although the construction put upon the will in that respect by the court may have been erroneous, it is not a case where it is apparent that the power to mortgage and convey the property was inserted in the decree of distribution by a mistake or clerical error. Such being our conclusion, it follows that the probate

93 M.—23

court in 1903 had no jurisdiction to amend its previous decree, and upon this ground the order of the district court must be sustained.

Order affirmed.