# A. SLIMMER and Another v. STATE BANK OF HALSTAD.[1]

June 20, 1913.

Nos. 18,085—(175).

**Vacating default — discretion of court.**
> The trial court did not abuse its discretion in vacating a default judgment in favor of plaintiffs, and allowing defendant to answer.

Action in the district court for Ramsey county to recover $1,760 upon a bank check. The facts are stated in the opinion. The State Bank of Halstad, substituted as defendant in place of the State Bank of Culbertson which had paid into court the amount demanded, moved to set aside the judgment entered by default, and to be permitted to defend the action. The motion was granted, Olin B. Lewis, J. From the order granting the motion, plaintiffs appealed. Affirmed.

*Durment, Moore & Oppenheimer,* for appellants.

*F. H. Peterson,* for respondent.

BUNN, J.

This appeal is by plaintiffs from an order of the district court for Ramsey county setting aside orders and judgments theretofore entered affecting the rights of defendant State Bank of Halstad, and permitting said defendant to answer.

The action was originally brought by plaintiff against State Bank of Culbertson as defendant, to recover on a check for $1,760 given August 10, 1906, by one P. J. Nacey to the order of C. C. Armstrong, and indorsed by Armstrong and delivered to plaintiffs prior to March 1, 1912. The check was given by Nacey on the bank of Culbertson, in which he had funds on deposit, in payment of horses bought from Armstrong. Written across the face of the check were the words "To be applied on paper held by B. B. Larson, if found

[1] Reported in 142 N. W. 144.

correct." The defendant State Bank of Culbertson is the successor of the Bank of Culbertson, and admittedly had in its possession the $1,760 called for by the check. Plaintiffs, after demand and refusal of payment, brought this action, and garnished funds of the defendant in a St. Paul bank more than sufficient to pay the claim. The defendant State Bank of Culbertson, on August 14, 1912, served on plaintiff's attorneys notice of a motion for an order substituting the State Bank of Halstad as defendant in the action, and discharging the Culbertson bank from all liability to plaintiff on its depositing the sum of $1,760 in court. No notice of this motion was given the State Bank of Halstad. Plaintiffs' attorneys opposed the motion, but it was granted by an order made August 23, 1912. The order directed that a copy thereof and of the summons and complaint in the action be served within 10 days upon the State Bank of Halstad, and that said bank serve an answer to the complaint within 20 days thereafter, and in default thereof that plaintiff might apply to the court for judgment against the fund paid into court. The service was made as ordered on the State Bank of Halstad August 28, 1912. It did not serve an answer to the complaint, and, on September 20, plaintiffs' attorneys applied to the court for judgment requiring the clerk of the court to pay over to plaintiffs the $1,760. The court ordered judgment as applied for, it was entered on the same day, and the money paid over to plaintiffs.

November 9, 1912, the State Bank of Halstad, upon affidavits to show its right to the $1,760, and to excuse its default, gave notice of a motion to be relieved of its default and permitted to answer in the case. Plaintiffs opposed the granting of this relief, and presented affidavits in opposition. The court thereupon made the order appealed from.

We need not go into detail in regard to the showing of merits made in the affidavits. It is sufficient to say that the Halstad bank claimed the money under the words "To be applied on paper held by B. B. Larson, if found correct." Its right to the money depended largely, if not wholly, upon whether, at the time the check was given to Armstrong, the latter was indebted to Larson on notes he had

theretofore given him. The question of plaintiff's right to the money was already in litigation in an action in the district court for Norman county in which the State Bank of Halstad was plaintiff and the State Bank of Culbertson was defendant. Clearly a sufficient showing of merits was made to justify the order appealed from.

It is contended by plaintiffs that it was an abuse of discretion on the part of the trial court to relieve respondent from its default.

It is argued that respondent lost nothing by reason of its failure to answer, and that plaintiffs are placed at a decided practical disadvantage in being forced into a contest with the Halstad bank. It is true no doubt that it is a disadvantage to plaintiffs to be obliged to litigate their claim to the money, instead of being allowed to hold it without having the right to do so determined in a trial. It is true also that it does not appear to be their fault that the Halstad bank was ordered or permitted to become a party to the case, or that they are in any way to blame for the bank's failure to answer. But neither of these circumstances is an unusual one in a case of this kind. The contention that respondent lost nothing by the judgment against it which was vacated, is based upon the proposition that it could still try the question of its right to the money in the action in Norman county. The affidavits show that the defendant in that case, the State Bank of Culbertson, a Montana corporation, filed a supplemental answer setting up its payment of the money into court in the Ramsey county case, and asking a dismissal. We are unable to hold that the order in this case authorizing the payment of the money into court and substituting the Halstad bank as defendant in place of the Culbertson bank, was not a valid order, or that the Halstad bank could ignore it and compel the Culbertson bank to submit to a judgment against it in the Norman county case. We think it clear that respondent would lose its rights, if the judgment in the instant case had been allowed to stand. The case must therefore be viewed as the ordinary one involving a failure to answer a summons and complaint through inadvertence and excusable neglect.

The discretionary nature of an order of this kind is so well understood, that it seems profitless to point out again the rules that

guide this court on an appeal from such an order. The facts excusing the default in this case are not of the strongest, but they make a case which prevents our saying that the trial court abused its discretion. The bank itself was in no way to blame. It turned the papers over to its attorney at once, with directions to take care of its interests. By mistake the attorney placed the papers in a probate court file, and with a political campaign on, illness in his family, and other business, forgot all about the matter until 30 days after the· time for answering expired. These excuses do not relieve the attorney from blame, but on the other hand it seems hard that the client should suffer because of his neglect. We hold that it was within the discretion of the trial court to find that the neglect was excusable, and that we are not justified in reversing the order appealed from.

Order affirmed.