## J. I. CASE THRESHING MACHINE COMPANY v. THOMAS BIELEJESKI.[1]

October 22, 1920.

No. 21,891.

**Refusal to relieve from default not an abuse of court's discretion.**

The plaintiff did not appear at the trial. Findings were made for the defendant upon his counterclaims. *Held*, under the facts stated in the opinion, applying the principle that there should be liberality in reliev-

[1]Reported in 179 N. W. 638.

ing from a default, and the rule that the granting of relief is within the sound discretion of the trial court, that the court did not abuse its discretion in refusing to relieve the plaintiff from its default.

Action in the district court for Hennepin county to recover $668 upon two promissory notes. From an order, Roeser, J., denying its motion to open a default judgment, plaintiff appealed. Affirmed.

*R. B. Brower* and *William Furst,* for appellant.

*J. D. Sullivan,* for respondent.

DIBELL, J.

Action on two promissory notes. The defendant admitted their validity and interposed counterclaims exceeding them in amount. The plaintiff did not appear at the trial. Findings were made establishing the validity of the notes and the validity of the counterclaims to an amount in excess of the notes. The plaintiff appeals from an order denying its motion to relieve it from its default.

Issue was joined on June 14, 1919. The case was noticed for trial at a term commencing December 1, 1919.

On November 29, 1919, counsel for the defendant, evidently in confirmation of a telephonic conversation, wrote the plaintiff's counsel at Minneapolis that he would have the case set for as late a date as possible and advise him, and in his letter he suggested that the case ought to be settled, and invited a proposition. On December 1 counsel for the defendant wrote counsel for the plaintiff that the greater part of the calendar would be continued until January 5, and that this action had been set over until that time. Correspondence continued looking to a settlement. Some six letters were written. Neither party tendered a proposition. Each sought an offer from the other. On December 18 Minneapolis counsel wrote defendant's counsel that he had just come from a conference with the plaintiff's manager and that if the case was settled the settlement must be made before the first of the year. On December 20 counsel for the defendant in answer stated that he had not heard from his client and suggested that the plaintiff make an offer. On December 27 plaintiff's attorney received from the court reporter a letter dated December 26, stating that the calendar would be called on Decem-

ber 27. It was too late to appear. In response to an inquiry the court reporter stated that the case was set for January 8, and this was well understood. Under date of December 29 counsel for plaintiff wrote to defendant's counsel, stating that he had heard from the reporter, and making an inquiry about the settlement. This letter was not received. Nothing further was done. On January 21 the case was reached for trial and the result which we have stated followed.

The question is whether the action of the trial court in denying the plaintiff's motion was an abuse of judicial discretion. The law is thoroughly settled that whether a party shall be relieved of a default resulting from neglect is within the sound discretion of the trial court, and that its determination will not be disturbed unless there is an abuse of discretion.

It is not claimed and it could not be that counsel for the defendant was guilty of wrong doing. The claim is that, though the Minneapolis counsel was at fault, his neglect was not such that his client should be prevented from defending against the counterclaims. The plaintiff proposed a meritorious defense. From January 1 to January 21 nothing was done. For 13 days after the date set for the trial no inquiry was made. In the meantime the defendant had his witnesses in readiness for trial at very considerable expense. They lived some distance from the place of trial. The letter of December 19 notified the defendant that any settlement made must be made by the end of the year. The letter of December 29, though not received by the defendant's counsel, may properly be considered, since the motion does not charge him with wrong, but seeks to relieve the plaintiff from the consequences of the neglect of its counsel. The letter suggested that a proposition was pending, though it does not seem that an offer had been made by either side.

Our decisions approve a liberal practice in relieving from fault to the end that issues may be tried. They also recognize that the application for relief from default is directed to the discretion of the trial court. These two principles are active in determining the result. Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752; Wheaton F. M. Co. v. Welch, 122 Minn. 396, 142 N. W. 714, Ann. Cas. 1916B, 563; Slimmer v. State Bank of Halstead, 122 Minn. 187, 142 N. W. 144; White v. Gurney, 92 Minn. 271, 99 N. W. 889. If the trial court had relieved the plaintiff,

imposing conditions protecting the defendant, its action would have been easily sustainable. We would prefer sustaining such an order to the one before us. The case is nearly a border line one. We all would have preferred a different result. But the view of the majority is that the trial court's order was not an abuse of judicial discretion.

Order affirmed.