## STATE v. THE JOHN WUNDER COMPANY.[1]

February 1, 1924.

No. 23,778.

**Ordinance concerning operation of stone quarries not applicable to that of washed gravel plants.**

The ordinance giving the city council the power to control the location and operation of stone quarries within the city does not include washed sand and gravel plants.

Defendant corporation was charged in the municipal court of Minneapolis with the violation of an ordinance of that city, tried before Charles L. Smith, J., and found guilty of the offense charged. From the judgment of guilty entered pursuant to the order for judgment, defendant appealed. Reversed.

*Healy & Peterson*, for appellant.

*Neil M. Cronin*, City Attorney, *Thomas B. Kilbribe*, Assistant City Attorney, and *Brady, Robertson & Bonner*, for respondent.

HOLT, J.

The appeal is from a judgment in the municipal court of the city of Minneapolis convicting defendant of a violation of an ordinance entitled "An ordinance to regulate the location, operation and maintenance of stone quarries in the city of Minneapolis."

The defendant operates a washed sand and gravel plant in the outskirts of Minneapolis near the Ramsey county line. There is a deep deposit of sand, gravel and boulders under a thin layer of loam in the bluff where defendant's plant is. The material is excavated and run into a building, where it is elevated and put through crushers, washing machines and separators. The finished product is stored in bins until disposed of. It is used in connection with cement in paving, and in the construction of buildings and bridges. A great deal of water is used in the operation, though some of the

[1]Reported in 196 N. W. 961.

crushing produces a limited quantity of dust. The boulders encountered are crushed by powerful machines. We need not consider whether defendant's business is such as to subject it to municipal regulation, for we think the question here presented is whether the ordinance covers the same.

The title of the ordinance speaks only of stone quarries. The title of an ordinance may be considered in construing the scope and meaning of the enactment. City of St. Paul v. Smith, 25 Minn. 372. A sand and gravel pit is not a "stone quarry," as the latter term is usually understood. The definition of the business regulated is to be found in the first section of the ordinance which reads: "No person, co-partnership or corporation shall hereafter open, operate or maintain within the limits of the city of Minneapolis any stone quarry or place or grounds for the quarrying, crushing or production of stone or stone products, without first having obtained the permission of the city council of the city of Minneapolis and the Building Inspector of the city of Minneapolis shall not grant a permit for the construction of any building or structure to be used for or in connection with any such stone quarry unless and until such permission" is obtained from the council. The ordinance was passed during the progress of the bitter litigation growing out of the operation of the stone quarries in northeast Minneapolis. And it is fair to assume that the ordinance was aimed at stone quarries of the same sort as the one therein involved, for it accurately describes the operations of that quarry. See Brede v. Minnesota Crushed Stone Co. 143 Minn. 374, 173 N. W. 805, 6 A. L. R. 1092 and 146 Minn. 406, 178 N. W. 820, 179 N. W. 638. That litigation related to quarrying a well defined and extensive ledge of limestone, and crushing the stone not suitable or desired for placing directly in the walls of a structure.

We think a sand and gravel plant cannot be classed with a stone quarry as defined by the section of the ordinance quoted. It is easy to see that there are such differences in the operation of the two that the need of regulation is not the same. The blasting is one of the chief features of disturbance and injury in operating a stone quarry in built-up portions of a city. No blasting is required

in defendant's plant. Dust is unavoidable in the extensive crushing of the products of a stone quarry; it is at a minimum in a plant where the crushing is of scattered boulders, and where great quantities of water are used in the operations. Regulations of legitimate business enterprises in the exercise of the police powers of a municipality are, at best, more or less burdensome and vexatious to the owners thereof, and courts ought not by forced construction subject a business enterprise to a regulatory ordinance. We think the clause "for the quarrying, crushing or production of stone or stone products" is limited to the operations of a stone quarry, and does not describe, and was not intended to describe, a washed sand and gravel plant. This appears more plainly from the provision prohibiting the building inspector from granting a permit for the construction of any building or structure to be used for or in connection with "any such stone quarry."

The judgment must be reversed.