## A. C. WAGNER v. A. V. BROQUIST.[1]

June 20, 1930.

No. 28,015.

George A. French, for appellant.
Rollin G. Johnson, for respondent.

OLSEN, C.

Plaintiff appeals from an order opening a default judgment and permitting the defendant to answer.

The summons and complaint were duly served upon defendant personally on May 14, 1929. The default judgment was entered on June 5, 1929. Motion, proposed answer, and order to show cause why the judgment should not be opened were served February 4, 1930. The order opening the judgment was made on February 20, 1930. Defendant knew of the entry of the judgment as early as June 16, 1929.

The motion to vacate or open the judgment was made under G. S. 1923 (2 Mason, 1927) § 9283. The matter of opening a default judgment within a year after its entry, on the ground of excusable neglect, is expressly made a matter of discretion for the trial court. This court will not reverse an order so made unless it clearly appears that the trial court has abused its discretion. Hildebrandt v. Robbecke, 20 Minn. 83 (100) ; White v. Gurney, 92 Minn. 271, 99 N. W. 889; Slimmer v. State Bank, 122 Minn. 187, 142 N. W. 144; Rodgers v. U. S. & D. Life Ins. Co. 127 Minn. 435, 149 N. W. 671; J. I. Case T. M. Co. v. Bielejeski, 147 Minn. 69, 179 N. W. 638.

[1]Reported in 231 N. W. 241.

There was neglect on the part of the defendant and his former attorney. The showing of excuse is not very strong. But we conclude the showing was sufficient to bring the matter within the discretion of the trial court. The proposed answer pleads a defense and certain counterclaims. It is sufficient to raise issues for trial. Defendant called on plaintiff's attorney a few days after the summons was served. There was talk of a settlement. Defendant claims he understood the matter was to be held open. On learning that judgment had been entered, defendant promptly employed an attorney to take proceedings to have the judgment opened. This the attorney failed to do. He did however correspond with plaintiff's attorney and wrote a number of letters asking for appointments to confer with him in reference to a settlement. This correspondence continued from time to time until in January, 1930. Plaintiff's attorney was not in any manner at fault in these negotiations. He at first agreed to give defendant's attorney until July 15, 1929, to move to open the judgment. He thereafter several times appointed dates for defendant's attorney to call and negotiate for settlement. But defendant's attorney, because of other engagements or without cause, failed to keep the appointments. Defendant then employed his present counsel, who promptly thereafter made the motion to open the judgment.

While an order refusing to open the judgment could be sustained, there is no clear showing of an abuse of discretion by the trial court, and its order must be sustained. Reasonable terms were imposed, and the judgment and levy thereunder permitted to stand until the final disposition of the case. The trial court held that it did not appear that plaintiff would be prejudiced.

Order affirmed.