## IN RE ESTATE OF JOHN BUTLER.
## LOUISE MARGARETA FLETCHER, APPELLANT.[1]

June 26, 1931.

No. 28,512.

[1]Reported in 237 N. W. 592.

*Norbert Willwerscheid,* for appellant.

*M. J. Doherty, Wilfrid E. Rumble,* and *Charles Bunn,* for executors under the will.

*Patrick J. Ryan,* for beneficiaries under the will.

OLSEN, J.

Louise Margareta Fletcher, hereinafter called the appellant, appeals from an order of the district court, which order affirms an order of the probate court of Ramsey county denying appellant's petition and application to vacate and set aside an order and decree admitting to probate the last will of John Butler, deceased. Appellant's petition and application further asked leave to file objections to said will and for hearing thereon in the probate court.

John Butler's will was duly admitted to probate on October 26, 1926. The petition and application to vacate the admission of the will to probate and for leave to contest same was filed in the probate court on November 8, 1929, more than three years after the admission of the will to probate. Hearing was had in the probate court on appellant's petition and application on December 11, 1929, and that court, on March 27, 1930, made and filed its order denying the same. Appeal was taken to the district court and heard by that court on October 15, 1930, and that court on January 10, 1931, made its order in all things affirming the order of the probate court denying appellant's petition and application. This appeal is from that order. The matter was heard in the district court on appellant's petition and her two affidavits attached thereto, the oral testimony of one witness, answers to said petition by the executors of the will and estate of John Butler, deceased, by the executors of the will of Margaret Butler, deceased widow of John Butler, and by two of the beneficiaries under the will of John Butler. There was also presented at the hearing on behalf of respondents a num-

ber of affidavits, documents, and letters relating to appellant's knowledge and notice of the admission to probate of John Butler's will and to settlements and releases made by her and receipts of benefits under such settlements and releases.

It was admitted for the purpose of this application and motion that appellant was a daughter of John Butler. And it is conceded that for the purpose of this appeal she stands in the position of a daughter of John Butler and his wife, Margaret. He had however never seen or communicated with her during his lifetime so far as appears. She was about 36 years of age at the time John Butler died. She was the adopted child of one Andrew Ruf and his wife. John Butler had no other children but was survived by his wife, Margaret Butler, and by brothers, sisters, nephews, and nieces. His will made no provision for appellant but was accompanied by a statement in his own handwriting that it was his intention and purpose to omit making any provision for any child of his; in other words, to give no part of his estate to appellant. The estate was of a value of more than two and a half million dollars. The will, after making provisions for an income for his wife and some other provisions for her benefit, distributes the estate to his brothers, sisters, nephews, and nieces, or their survivors. Trusts were created. The particulars are not here important.

Appellant proposed to attack the will on the grounds of fraudulent conspiracy, fraud, and undue influence by some of the beneficiaries in obtaining its execution.

The executors and beneficiaries under the will, who may be here designated as respondents, urge several grounds upon which to sustain the order appealed from.

■ It is contended that appellant's petition and affidavits do not make a prima facie case of merits as to her objections to the will. Liberally construed, although many of the statements contained in appellant's affidavit attached to the petition are evidently hearsay, we conclude that the petition and affidavit are sufficient in that regard, if appellant was otherwise entitled to be heard on the merits of her objections to the will.

■ The next question is whether either the probate or district court had power to vacate the order admitting the will to probate more than one year after appellant had notice and knowledge of that order. Appellant had notice and knowledge of the will and of the fact that she was not provided for therein at least as early as January, 1927. The district court, in its memorandum made part of the order appealed from, found that she had actual notice of the probate of the will in January, 1927, and that her attorney, acting for her, not her present attorney, had actual notice and knowledge of the probate proceedings in July, 1927. At that time both appellant and her then attorney had full notice and knowledge of the fact that the will had been admitted to probate and that it excluded appellant from any share in the estate. It is not questioned that the statutory published notice of the hearing on the application to probate the will was duly given. In addition thereto, a copy of the citation giving notice of such hearing was mailed to appellant on October 11, 1926, she being a nonresident of this state. In the case of In re Hause, 32 Minn. 155, 19 N. W. 973, the validity of published notice of hearings in the probate court is considered. It is held that where such notice is all that the statute requires, it is "due notice" and affords sufficient opportunity to be heard. Appellant could have appealed from the order admitting the will within six months after entry thereof, or up to April 26, 1927.

The order admitting a will to probate, unless vacated or set aside, is conclusive that the will was duly executed and that the testator had legal capacity to execute it. The order, unless set aside, is conclusive that the will is valid. Hence the order stands on the same footing as a judgment of a court of record. State v. McGlynn, 20 Cal. 234, 271, 81 Am. D. 118; note to Sly v. Hunt, 21 L. R. A. 680, 682-683; 28 R. C. L. pp. 375-377, and notes.

The power of the probate court to open its orders and decrees is said to be found in, or, perhaps more strictly speaking, to be limited by G. S. 1923 (2 Mason, 1927) §§ 8701, 8983 and 9283. Sections 8701 and 8983 say nothing about the time within which an application shall be made to vacate or correct orders or decrees. But if

§ 9283 applies to orders and decrees of the probate court, it limits the time for such an application to one year after actual notice or knowledge of the order or decree. That the "notice" therein referred to is knowledge or actual notice and not formal, written notice is well settled. Wieland v. Shillock, 23 Minn. 227; Dillon v. Porter, 36 Minn. 341, 31 N. W. 56; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. What is now § 8701(4) as enacted in the probate code by L. 1889, p. 94, c. 46, § 315, reads:

"The probate court may at any time, correct, modify or amend its records to conform with the facts in the same manner as a district court."

The codifiers of 1905 combined this section of the code with three other sections defining incidental powers of that court, so as to read as it now appears in G. S. 1923 (2 Mason, 1927) § 8701:

"In addition to their general powers under the Constitution, probate courts shall have the same powers as District Courts in the following matters:"

Then follow four subsections, number 4 reading:

"To correct, modify or amend its records to conform to the facts and to correct its final decrees so as to include therein property omitted from the same or from administration." Subsections 1, 2, and 3 are not here material.

G. S. 1923 (2 Mason, 1927) § 8983, is the section providing for appeals from the probate court, and the part of that section here applicable is subd. 8, permitting an appeal from:

"An order vacating or refusing to vacate a previous order, judgment, or decree alleged to have been procured by fraud, misrepresentation, or through surprise or excusable inadvertence or neglect."

As already noted, there was ample time for this appellant to have appealed, on the grounds in this section stated, after she had actual notice of the entry of the order in question and within the six-month period. But we are not dealing with an appeal, and the question

is whether the one-year limitation in § 9283 applies to an application to vacate the order. If that limitation does not apply, then there is no statutory limitation upon the time within which the probate court may vacate an order of the kind here in question. The section has been construed to apply to all forms of judicial proceedings in the district court. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5011. In Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496, it was said that the power of the probate court to modify its judgments and decrees is limited in the same manner as provided for the district court, unless it appears that the former order was entered through mistake of fact or clerical error. G. S. 1894, § 5267, now G. S. 1923 (2 Mason, 1927) § 9283, was cited.

In Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029, it is held that if the decree was obtained by fraud or was the result of mistake of fact relief may be had in equity. The holding in Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496, that the limit of power of the probate court is the same as in the district court, is cited. It is further said that the power of the probate court to relieve a party from a judgment procured through mistake, surprise, or excusable inadvertence or neglect may be justified under the three sections of the statute we have pointed out.

In In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68, it is said that the probate court has power to vacate its decrees on the ground of fraud, mistake, inadvertence, or excusable neglect upon proper application seasonably made; that its power is probably the same as that of the district court in that respect. The appellants there denied knowledge of the final decree until shortly before application to vacate was made. The case was decided on other grounds, and the question whether the application was made in time does not appear to have been raised or considered.

In In re Estate of Holum, 179 Minn. 315, 229 N. W. 133, the application to vacate was made within a year after knowledge of the decree, and it was held to come within the statute authorizing the opening of judgments or decrees for fraud, mistake, inadvertence, or excusable neglect. It is stated that the trial in the dis-

trict court was de novo and that the court was invested with the same discretion as the probate court. It was held however that the applicant had been guilty of such laches as to justify the district court, in the proper exercise of its discretion, in denying the application.

So in In re Estate of Walker, 183 Minn. 325, 327, 236 N. W. 485, in speaking of orders of the probate court allowing a claim, this court said:

"After the time to appeal therefrom has elapsed and want of jurisdiction does not affirmatively appear upon the face of the record, they are final and conclusive, unless cause is shown for relief under G. S. 1923 (2 Mason, 1927) § 9283. This section applies as well to orders and judgments of the probate court as to those of the district court."

The appeal from the probate to the district court presented the question of the vacation of the order de novo in the district court. G. S. 1923 (2 Mason, 1927) § 8988. No good reason appears why, when so tried, the district court should not be governed by the limitation of one year imposed by G. S. 1923 (2 Mason, 1927) § 9283. Cases may arise where the interests of minor children, or persons under other disability, are involved, as suggested in Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029. In such cases courts of equity would no doubt, by reference to statutes of limitation or other saving provisions and rules, find ready means to promote justice.

■ But we need not place our decision here on the ground that the application was barred by § 9283. Appellant's counsel concedes and argues that the application made was addressed to the discretion of the trial court. He appears to go one step further and argues that the application is now addressed to the discretion of this court. We have no such discretion and are limited here to the question of whether the trial court abused its discretion in making the order appealed from.

Among the grounds stated by the trial court for denying the application are laches and estoppel. Our cases are replete with hold-

ings that one seeking to vacate a judgment or order of the court of the kind here in question must exercise due diligence and must make his application within a reasonable time after notice thereof. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5015, and cases cited in notes 56 and 57. He must proceed with due diligence regardless of the one-year limitation, and has been held barred by laches in many cases, although his application was made before the expiration of one year from the time he had notice of the judgment or order. Fern v. Leuthold, 39 Minn. 212, 39 N. W. 399; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; National Council v. Canter, 132 Minn. 354, 157 N. W. 586; Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756; Pittsburgh P. G. Co. v. Smith, 163 Minn. 513, 203 N. W. 984; Marthaler M. & E. Co. v. Meyers, 173 Minn. 606, 218 N. W. 127; City of St. Paul v. Meister, 176 Minn. 59, 222 N. W. 520; In re Estate of Holum, 179 Minn. 315, 229 N. W. 133. The order granting or refusing an application to vacate or open a judgment will not be reversed unless there is a clear showing of an abuse of discretion by the trial court. Wagner v. Broquist, 181 Minn. 39, 231 N. W. 241. The matter lies almost wholly within the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. Johnson v. Hallman, 177 Minn. 619, 225 N. W. 283.

In addition to the facts already stated as to the time that elapsed after appellant had notice of the order appealed from and before she made her application, it appears that Margaret Butler, the widow of John Butler, desired that some provision be made for this appellant and others; that in December, 1926, an agreement was entered into between her and the trustees of the residuary estate of John Butler whereby $500,000 out of the estate was to be appropriated for such purposes. Of this sum $100,000 was to be for the benefit of appellant and her daughter. This agreement was approved here in the case of Butler v. Butler, 180 Minn. 134, 230 N. W. 575, where the facts are more fully stated.

Appellant visited St. Paul in January, 1927, and made one or two other visits prior to July 1, 1927. She visited Margaret Butler

in January, 1927, and consulted with other beneficiaries under John Butler's will at that time and on subsequent visits. She was informed as to the provisions proposed to be made for her and her daughter in the matter of the $100,000. At least as early as July 5, 1927, she employed an attorney to look after her interests. Negotiations as to the placing of the $100,000 in a trust fund were carried on. The settlement of the John Butler estate was delayed by litigation. It was finally arranged that certain beneficiaries of the estate would advance the $100,000 so that appellant and her daughter should not be delayed in receiving the income therefrom, and that sum was so advanced and placed in the hands of a trust company, approved by appellant, for investment. The appellant and her daughter were to receive the income from this fund during their lives and the survivor of them thereafter during her life. The agreement further gives appellant and her daughter, or the survivor of them, the right to terminate the trust and to receive the entire fund, and gives to them or the survivor the right to dispose of the fund by will. This trust agreement was signed and acknowledged by appellant for herself and her daughter in August, 1927. The settlement was fully completed in September, 1927. In addition to the $100,000, appellant was paid $2,500 to defray her attorney's fees, and $6,500 to compensate for the delay in getting the estate settled so that income from the fund could be received. She was also paid $450 on September 1, 1927, as compensation for income not yet available. The first payment of $400 from the trust fund was made to her on November 30, 1927, and she has since received monthly payments of that amount, with any additional balance of the income at the end of the year. She has so received from the trust fund, up to September 29, 1930, a total of $14,638.04. So far as appears she is continuing to receive this income. As part of the settlement appellant made and delivered to the beneficiaries of the Butler estate on September 24, 1927, a release of all claims against the estate of John Butler. She had also, in January, 1927, signed a release of all claims against the estate of John Butler, conditioned on the $100,000 fund being provided.

Appellant states in her affidavit that she had no knowledge or information as to the fraud and undue influence, which she claims should invalidate the will, until about June 15, 1929. The principal objections now urged against the will are that it was prepared by an attorney, a brother of John Butler and a large beneficiary under the will, who is alleged to have unduly influenced the testator. But when informed of the will and that she was not therein provided for, in January, 1927, appellant was put on inquiry as to the making of the will. It does not appear that there would have been any difficulty about finding out who drew the will and his relations to and opportunities for influence over John Butler. She does attempt to excuse her failure to find out, but nowhere makes any statement of having made any investigation or inquiry of anyone as to these matters. Whether she had shown sufficient excuse for her delay was primarily a question of fact for the trial court. Upon the record as a whole, we are satisfied that the evidence justified the trial court, in its discretion, in denying the application and affirming the order of the probate court, and that this court cannot say that the trial court abused its discretion. Fern v. Leuthold, 39 Minn. 212, 39 N. W. 399.

This disposes of the appeal, but other questions argued may be briefly considered.

Respondents urge that, by accepting the benefits and payments to her and by her long delay in moving, the appellant has acquiesced in the order admitting the will to probate and is estopped from now objecting to it. It may not have been necessary for her to tender back the money received by her up to June 15, 1929, but on the other hand it would not seem that she could play fast and loose or gamble with this order and continue to receive and accept benefits from the settlement, and at the same time seek to avoid the condition and consideration upon which the settlement was made.

It is suggested that the $100,000 fund was advanced by beneficiaries under the will of John Butler and not by his estate; but by the agreement between the trustees of the estate and Margaret Butler, now confirmed by the prior decision of this court, the fund is to come out of the estate of John Butler.

The point is made by appellant that the merits of her claim as to fraud and undue influence in the execution of the will should not be inquired into on the hearing either before the probate court or the district court. Except that the court will examine the petition and affidavits presented by the applicant to determine whether they make a prima facie showing of merit in that regard, the contention is correct. But when it comes to an inquiry as to whether there has been laches or whether there is an estoppel, the rule has no application, and on those questions all relevant facts may be shown and considered by the court. That was the purpose of the affidavits and documents presented by the respondents here, and they were properly received and considered by the court.

The question of the validity or effect of the releases given by appellant need not be considered.

The court having based its decision, in part at least, on laches and long acquiescence in the probate court order, and denied the application as a matter of discretion, we hold there was no abuse of discretion, and the order appealed from is affirmed.

Affirmed.

WILSON, C. J.

I concur in the result and in all that is said in the opinion except as to the intimation that the order could be affirmed on the ground of laches, and as to that I dissent.